## HARTLEY *v.* HOLWELL.

No. 15959. October 15, 1947.

A. J. *Whitehurst* and *C. E. Hay,* for plaintiff in error.
*S. Spencer Bennet* and *Alexander, Vann & Lilly,* contra.

DUCKWORTH, Presiding Justice. The exception here is to a judgment of the superior court, dismissing an appeal from a ruling of the court of ordinary sustaining a demurrer to three of the four grounds of a caveat to an application to probate a will in solemn form. It is declared in the Code, § 6-201, that "An appeal shall lie to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator." Section 6-202 provides that "All appeals from the courts of ordinary shall be entered within four days from the date of the judgment complained of." The plaintiff in error places emphasis upon the words, "any decision," in the first section, and the requirement that such appeal be entered "within four days" in the latter sections; and relying upon these two sections, it is contended that the law is unambiguous and authorizes without qualification or limitation an appeal from the court of ordinary to the superior court from any ruling or decision made by the lower court, irrespective of whether or not the case has been decided by that court. There are a few principles of law which we think demonstrate that the statutes relied upon will not stand the construction sought by the plaintiff in error. To begin with, the Constitution clearly places probate jurisdiction in the court of ordinary. Article 6, section 6, paragraph 1 declares: "The powers of a court of ordinary and of probate shall be vested in an ordinary for each county, from whose decision there may be an appeal, or by consent of parties, without a decision, to the superior court under regulations prescribed by law." This original and exclusive jurisdiction over the probate of wills is clearly declared by the statute. Code, § 113-603. It is there declared that "The court of ordinary shall have exclusive jurisdiction over the probate of wills." These constitutional and statutory provisions leave no room for doubting that it is the policy and intention of the law that only the court of ordi-

nary shall have original jurisdiction over the probate of wills. The statutes relied upon by the plaintiff in error must be read and construed to preserve this exclusive original jurisdiction. The provisions of law for appeal in such cases were not intended to invade this original jurisdiction. "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." Code, § 6-501. This rule of law, making an appeal a de novo investigation, and requiring the higher court to try the entire case unfettered by the rulings of the inferior court, is applicable to an appeal from the court of ordinary to the superior court. *Moody* v. *Moody,* 29 *Ga.* 519. Application of the rule just stated was made by this court in *Paxton* v. *Berrien County,* 117 *Ga.* 891 (45 S. E. 266), where it was held that, although a demurrer had been overruled by the county court, the same demurrer may be sustained by the superior court on appeal. The general statutory meaning of an appeal from an inferior court to a superior court is that, after having been tried in the inferior court, the jurisdiction of the entire case is transferred to the superior court for another complete trial. See, as to judgments of county judges and justices of the peace, Code, § 6-101; as to judgments of justices of the peace, § 6-301; and as to an appeal to a jury in a justice court, § 6-401.

In the instant case, it is sought to remove the entire case from the court which had exclusive original jurisdiction to the superior court by an appeal from a preliminary ruling and before the inferior court rendered judgment in the main case, thereby accomplishing one of two equally undesirable results: (1) Usurping jurisdiction of the court of ordinary, in violation of the Constitution and the statute, by depriving that court of jurisdiction to decide the main question, which is, has the document offered been proved? Code, § 113-602. (2) Dissecting the case by placing portions of it in the jurisdiction of the superior court while other portions remain in the jurisdiction of the court of ordinary. The constitutional provision fixing jurisdiction constitutes an insuperable barrier to anything that would accomplish the former, and the necessity for intelligent and orderly adjudication is a barrier

to the latter. Counsel for the defendant in error in their briefs clearly demonstrate the intolerable condition that would result from allowing an appeal from each and every ruling by the court of ordinary preliminary to a final judgment. They correctly contend that, if such construction be given the statute, it would mean that the overruling of an objection to a question propounded to a witness would constitute a basis for an appeal and stop the trial in the court of ordinary; thereby either transferring the entire case to the superior court for an original trial of the main question as to whether the document offered was the will of the testator, thus usurping the constitutional jurisdiction of the court of ordinary, or delaying further procedure and trial in the court of ordinary until the appeal could be tried in the superior court. Furthermore, when a trial is resumed in the court of ordinary another similar preliminary ruling could be appealed from, and thus, by repeated appeals to review such preliminary rulings, the trial of the main case could be indefinitely postponed.

But counsel for the plaintiff in error make the argument here that, since the statute authorizes an appeal from any decision, and the ruling sustaining the demurrer to portions of the caveat is a decision, and since the law requires that the appeal be made within four days, the absence of an appeal within the time limit fixed by the law would allow such ruling to become final and it would become the law of the case, even when a subsequent appeal, after a final decision on the merits, to the superior court is made. This argument takes no account of the rule of law that requires a de novo investigation by the superior court on an appeal. Preliminary rulings by the court of ordinary are all subject, under the rule, to another ruling on the same questions when the case has been transferred by appeal to the superior court. This provision for a reconsideration on appeal takes from such preliminary rulings by the court of ordinary the quality of finality which they would otherwise have. If all parties are required to await a final decision in the main case, such a decision might be favorable to the party aggrieved at the preliminary ruling, thus removing any necessity for a review by appeal. In the present case, if the caveator awaits the final judgment of the court of ordinary, that judgment might sustain the caveat, thereby removing any cause for complaint about this preliminary ruling. It would be futile

for the superior court to review a preliminary ruling if the final judgment of the court of ordinary should be favorable to the party complaining of such ruling. It is very obvious that, where the statute refers to an appeal from any decision of the court of ordinary, it refers only to a decision of the entire case. Accordingly, the ruling of the court of ordinary sustaining the demurrer and striking three of the four grounds of the caveat, but leaving the fourth ground of the caveat, together with the application to probate, was not a decision of the case and was not a decision authorizing an appeal to the superior court. It was not error to strike the appeal on motion of the propounder.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*