23264. INGRAM v. ROOKS, Executrix, et al.

CANDLER, Presiding Justice. Mrs. Miriam Bailey Rooks filed a petition in the Court of Ordinary of Hart County to probate in solemn form the will of Mrs. Lourene Cox Johnson. Mrs. Lonnie Cox Ingram as an heir at law of Mrs. Johnson and as a legatee under her will acknowledged service of the petition and assented to probate of the will in solemn form. The will was probated on August 3, 1964, and on July 29, 1965, Mrs. Ingram filed a petition in the same court to cancel and declare void her acknowledgment of service and to set aside the probate judgment, alleging as her ground therefor that she was induced to acknowledge service of such petition and assent to the probate of Mrs. Johnson's will by the petitioner reading to her a paper which she falsely represented to be the last will and testament of Mrs. Johnson but which was in fact a different will from the one afterwards probated. Mrs. Rooks, as executrix of Mrs. Johnson's estate, demurred to Mrs. Ingram's petition on the ground that it stated no cause of action for the relief sought. Her demurrer was overruled by the ordinary. Mrs. Rooks answered the petition and denied that she had by any act misled Mrs. Ingram or made any false representations to her concerning Mrs. Johnson's will. On the trial and after the parties had introduced their evidence, the ordinary denied all of the relief petitioner sought. Mrs. Ingram appealed the case to the Superior

Court of Hart County. When the case reached that court, the judge sustained Mrs. Rooks' demurrers and dismissed the case. Mrs. Ingram appeals that judgment to this court for review. *Held:*

1. Mrs. Ingram's appeal from the Court of Ordinary to the Superior Court of Hart County brought the whole record to that court for a de novo investigation. *Code* § 6-501. This being true, the judge could rule on the demurrer filed by Mrs. Rooks in the court of ordinary unfettered by the ordinary's judgment overruling it. *Moody v. Moody,* 29 Ga. 519 (1) ; *Paxton v. Berrien County,* 117 Ga. 891 (2) (45 SE 266) ; *Hartley v. Holwell,* 202 Ga. 724, 726 (44 SE2d 896).

2. Mrs. Ingram's petition to cancel and declare void her acknowledgment of service and to set aside the judgment probating the will of Mrs. Johnson on the alleged ground of fraud failed to state a cause of action for the relief sought since the plaintiff by an exercise of the slightest degree of diligence could have ascertained and asserted in the probate proceeding the falsity of the act upon which she relies to set aside the probate judgment. *Code* § 37-211; *Charles v. Simmons,* 215 Ga. 794 (1) (113 SE2d 604) and the several cases there cited. But it is argued in appellant's brief that a confidential relationship existed between Mrs. Rooks as executrix of the estate of Mrs. Johnson and the plaintiff which excused her from exercising diligence in ascertaining pertinent facts concerning the will which Mrs. Rooks offered for probate. Under the holding of this court in *Charles v. Simmons,* supra, this contention is without merit. Like the facts in that case, Mrs. Rooks was not the executrix of Mrs. Johnson's estate when the act alleged to be fraudulent was committed. Furthermore, it is not alleged in Mrs. Ingram's petition that the instrument Mrs. Rooks probated in solemn form was not in fact Mrs. Johnson's last will and testament or that it was invalid for any reason.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 13, 1965—DECIDED JANUARY 6, 1966— REHEARING DENIED JANUARY 18, 1966.

*Cook & Pleger, Wiggins & Smith, M. T. Simmons, Jr.,* for appellant.

*Carter & Carter, Richard Phillips, Howell C. Erwin, Jr.,* for appellees.