24887.   THOMAS et al. v. GAINES, Executor, et al.

ARGUED OCTOBER 14, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED FEBRUARY 6, 1969.

*Carlisle & Chason, Ralph E. Carlisle, Cain, Smith & Porter, J. R. Porter, III,* for appellants.

*Miller & Kirbo, W. H. Miller, Ben Kirbo,* for appellees.

FRANKUM, Justice.   Mattie Thomas and others filed a complaint in equity against J. C. Gaines and others in the Superior Court of Grady County.  The complaint setting forth the plaintiff's claim with the fullness, completeness and in detail in the style and manner prevailing under the former practice prior to the Civil Practice Act, as amended, alleges in substance that Cal and Lula Thomas were man and wife residing together in Grady County until the death of Cal intestate on or about December 7, 1946; that they had no children and Lula was his sole heir; that he left a considerable estate consisting of 980 acres of land and of money and personal property; that Lula died on September 23, 1967, a resident of Grady County possessed of an estate of the value of from $300,000 to $400,000, consisting of land, money in the bank, and other personal property; that her estate was largely derived from the property she had inherited from Cal; that early in 1958 she made a will by

which she bequeathed and devised one-half of all her property to the "heirs" of her husband, Cal Thomas, and the remaining to certain named persons; that in August 1959 the defendant Gaines, through the exercise of undue influence (the origin and nature of which is set out in detail) over Lula Thomas prevailed upon her to execute another will, devising all of her property to him and to other defendants named in the complaint and omitting therefrom any provision for the heirs of Cal Thomas; that Lula Thomas died and thereafter the defendants Gaines, Mitchell, and J. E. Arline named as executors of the purported will represented to the plaintiffs that they would probate the will executed by Lula Thomas in February 1958, and that relying upon those representations the plaintiffs were not present at the hearing in the court of ordinary, and that in so misrepresenting to the plaintiffs their intentions as to which of the instruments the defendant executors intended to offer for probate, they perpetrated a fraud upon the plaintiffs and the court of ordinary "of such magnitude" as to justify the intervention of a court of equity.

The appellants, as named beneficiaries under the first of the two wills of Lula Thomas did have such an interest in the estate as to authorize them to caveat the probate of the second will propounded by the defendant executors. While they were not heirs of the deceased or devisees under that will they were devisees under the instrument which they contend is the true will. This clearly gave them standing to caveat the probate of the second will. *Bearden v. Baldwin,* 174 Ga. 191, 197 (162 SE 802). While the case involved the caveat of letters of administration the principles involved are the same. *Code* § 113-1101. Thus, the appellants had a full, complete and adequate remedy to assert whatever claim if any they have to the estate of the decedent by resorting to the court of ordinary and there asserting their contention that the instrument propounded was not the true last will and testament of the deceased, first because she was prevailed upon to execute it because of undue influence and, if they prevailed in that contention, then by causing the instrument they contend to be the true last will and testament of the decedent to be offered for probate.

However, they did not do this but sat idly by and allowed the only court having jurisdiction to probate the instrument to render a judgment probating it as the last will and testament of the deceased. "It is well-settled law in this State that equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of." *Prince v. Friedman,* 202 Ga. 136, 140 (42 SE2d 434). The representations set forth in the complaint in this case, and relied upon by the complainants as constituting the fraud of the defendants authorizing the intervention of a court of equity to set aside the probate of the alleged will were not such as they could rely upon. In the first place the defendants who are alleged to have made the statements were not at the time the statements were made executors of any estate and they therefore bore no confidential relationship to the plaintiffs such as to authorize them to rely thereon. *Ingram v. Rooks,* 221 Ga. 701 (2) (146 SE2d 743). The complaint shows that the plaintiffs, by the exercise of the slightest degree of diligence could have ascertained that the instrument which was offered for probate by the defendants was not the instrument which they contended was the true last will and testament of the deceased. They failed to exercise this diligence and they cannot now complain.

Under these principles the amended complaint failed to state a claim upon which relief could be granted and the trial court did not err in dismissing it.

*Judgment affirmed. All the Justices concur.*