## A90A0564. SEARS v. THE STATE.
(396 SE2d 1)

BEASLEY, Judge.

Sears was charged with driving under the influence in violation of OCGA § 40-6-391 (a) (1) & (4) and was to be tried by the probate court pursuant to OCGA § 40-13-21. He filed a "Motion to Dismiss and Plea in Bar" which was denied after a hearing. Sears appealed to the superior court, which held that the appeal was untimely filed because the case had not reached final disposition in the probate court. It transferred the case back for final disposition.

Did the court err in deciding the appeal was premature? Appellant relies solely on OCGA § 5-3-2, without further argument, taking the position that the statute gave the right to appeal.

The denial of defendant's motion challenging the language of the citation/accusation was an interlocutory ruling, leaving the case pending for trial before the probate court. See *Boyd v. State,* 191 Ga. App. 435 (383 SE2d 906) (1989); *Bruce v. State,* 122 Ga. App. 159 (176 SE2d 515) (1970). OCGA § 5-3-2 provides a general right of appeal from probate courts to the superior court "from any decision made by the probate court, except an order appointing a temporary administrator." This has been interpreted to apply only to final judgments rendered by the probate court. See *Harnesberger v. Davis,* 86 Ga. App. 41, 46 (1) (70 SE2d 615) (1952) which addressed the issue under

predecessor Ga. Code § 6-201. See also *Hartley v. Holwell*, 202 Ga. 724, 726-728 (44 SE2d 896) (1947). OCGA § 40-13-28 likewise, and clearly, conveys the right of appeal to the superior court to only a convicted defendant. Both statutes contemplate an orderly progressive appellate process, not a delaying, costly, and cumbersome shuttling of such a case back and forth between two courts. See also Ga. Const. 1983, Art. VI, Sec. IX, Par. I, which affirms the spirit reflected in these statutes.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 7, 1990 —
REHEARING DENIED JULY 3, 1990 — CERT. APPLIED FOR.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.