A90A0907. JONES v. BIENERT.
(398 SE2d 830)

POPE, Judge.
Appellee H. J. Bienert, Jr., M.D., filed an action on account against appellant Tira Denise Jones for medical services rendered. Jones answered and raised a plea to jurisdiction and venue. She also counterclaimed pursuant to OCGA § 9-15-14 for litigation costs and attorney fees and alleged abusive litigation pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The trial court entered an order transferring the case pursuant to Uniform Superior Court Rule 19.1. However, before the costs were paid, Dr. Bienert voluntarily dismissed his action. Jones then moved the court to vacate its transfer order and to retain jurisdiction over the counterclaim. The trial court refused to do so and found that all claims were dismissed by operation of law because the costs had not been paid pursuant to Uniform Superior Court Rule 19.1. Jones appeals and argues this was error.

*Held*:

We affirm in part and reverse in part. The trial court's order transferring the case read: "Upon consideration of Plaintiff's Motion to Transfer; after review of the pleadings, the Court finds that the defendant, Tina [sic] Denise Jones, is a resident of Henry County and pursuant to Uniform Superior Court Rule 19.1, said motion is GRANTED." Uniform Superior Court Rule 19.1 (F) (applicable to state court as well) reads: "No action or proceeding may be transferred except upon the written order of the court in which the action pends (transferor court), reasonable notice of which shall be given to all parties. This order shall specify the court to which the matter is to be transferred (transferee court) *and shall state that unless plaintiff pays all accrued court costs within 20 days of mailing or delivery of the cost bill to plaintiff, the action shall automatically stand dismissed without prejudice.*" (Emphasis supplied.) Thus, although the order purported to effect the transfer immediately, by operation of Rule 19.1 (F) it could not be effected before payment of costs. The record shows that within four days of the entry of the order (and apparently before a bill of costs was prepared and certainly before 20 days had passed) Dr. Bienert voluntarily dismissed his action. Thus, Dr. Bienert's voluntary dismissal preceded the effective date of the transfer and the provision relating to dismissal for failure to pay costs never applied. OCGA § 9-11-41 (a) then applied and the voluntary dismissal could only be allowed if Jones' counterclaim could stand and be adjudicated independently.

We hold that Jones' claim for abusive litigation was dismissed properly by the court, though for the wrong reason. Although Jones argues that her counterclaim contains claims independent of the one for abusive litigation, including intentional infliction of emotional distress, harassment, and tortious interference with property rights, we hold that the only other claim contained in her pleading is one for expenses of litigation and attorney fees pursuant to OCGA § 9-15-14. Each of the alleged independent claims relates solely to the filing of the suit against Jones. She alleges no facts in her counterclaim claiming damage as a result of anything other than the filing of the suit by Dr. Bienert.

OCGA § 51-7-84 (a), which became effective April 3, 1989, requires that one asserting a claim for abusive litigation must send a notice of the claim to the other party as a condition precedent to the claim. Jones' counterclaim was filed after the effective date of this Code section and Jones sent no such notice of the claim. Thus, the dismissal of the claim for abusive litigation was proper. "A correct decision of a trial court will not be reversed, regardless of the reasons given therefor." *Coker v. City of Atlanta*, 186 Ga. 473 (1) (198 SE 74) (1938).

However, no such bar exists regarding the claim for expenses of litigation and attorney fees allowed pursuant to OCGA § 9-15-14. The trial court erred in dismissing this aspect of Jones' counterclaim. The transfer order never took effect and the trial court retains jurisdiction to hear and adjudicate the claim for expenses of litigation and attorney fees pursuant to OCGA § 9-15-14.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Donald B. Walker*, for appellant.
*Levy & Adams, D. Merrill Adams, Paul J. Gallo, Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland*, for appellee.