A90A1560. DRIVER v. THE STATE.
(402 SE2d 524)

CARLEY, Judge.
By way of accusation, appellant was charged with driving under the influence. He waived his right to a jury trial and agreed to a trial before the probate court. The trial before the probate court was continued and, upon its recommencement, appellant filed a plea of double jeopardy. When the probate court overruled this plea, appellant filed a direct appeal to the superior court. The superior court dismissed the appeal and appellant now appeals to this court from the superior court's order dismissing his direct appeal from the probate court.

Appellant relies upon *Patterson v. State*, 248 Ga. 875 (287 SE2d

7) (1982) as authority for the proposition that he is entitled to file a direct appeal to the superior court. That reliance is misplaced. The issue in *Patterson* was the direct appealability of the denial of a plea of double jeopardy to either the Supreme Court or this court pursuant to OCGA § 5-6-34. Such an appeal is in no way analogous to an appeal from the probate court to a superior court pursuant to OCGA § 5-3-2. Unlike an appeal to either the Supreme Court or this court, an appeal from the probate court to a superior court is for the purpose of conducting a de novo investigation in the superior court, and not for the purpose of correcting errors of law committed in the probate court. See *City of Macon v. Ries*, 179 Ga. 320, 325 (2) (176 SE 21) (1934). Since an appeal to the superior court is for the sole purpose of conducting a de novo investigation rather than the correction of errors of law, there can be no direct appeal to the superior court from an interlocutory ruling in the probate court. *Hartley v. Holwell*, 202 Ga. 724 (44 SE2d 896) (1947).

" 'Where either appeal or certiorari is a *proper* remedy the movant may elect which remedy he will pursue.' " (Emphasis supplied.) *Stephens v. Bell*, 41 Ga. App. 353, 356 (153 SE 99) (1930). However, an appeal is clearly not a proper remedy to secure review of the probate court's interlocutory order and, insofar as appellant did not pursue certiorari, the applicability of the holding in *Patterson v. State*, supra, in the context of that procedure cannot be addressed in the instant appeal. Our holding is necessarily limited to affirming the superior court's dismissal of appellant's unauthorized *appeal* from the probate court's interlocutory order. "It is very obvious that, where the statute refers to an appeal from any decision of the [probate] court . . ., it refers only to a decision of the entire case. Accordingly, the ruling of the [probate] court . . . [overruling appellant's plea of double jeopardy] was not a decision of the case and was not a decision authorizing an appeal to the superior court." *Hartley v. Holwell*, supra at 728.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 4, 1991 —
REHEARING DENIED FEBRUARY 21, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.