A92A1694, A92A1697. DEAVOURS et al. v. HOG MOUNTAIN CREATIONS, INC. et al.; and vice versa.
(428 SE2d 388)

CARLEY, Presiding Judge.

The facts relevant to the resolution of the instant appeals are as follows: Appellee-defendants counterclaimed against appellant-plaintiffs, seeking only an award of attorney's fees and expenses of litigation pursuant to OCGA § 9-15-14. Appellants voluntarily dismissed their complaint without prejudice and, more than 45 days thereafter, the trial court entered an order awarding attorney's fees and expenses of litigation to appellees on their OCGA § 9-15-14 counterclaims. In Case No. A92A1694, appellants appeal from the trial court's order pursuant to this court's grant of their application for a discretionary appeal and, in Case No. A92A1697, appellees cross-appeal.

*Case No. A92A1694*

1. Prior to April 3, 1989, "abusive litigation" was a common-law tort, the substantive elements and procedural aspects of which were governed by *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). For

"abusive litigation" claims arising after that date, however, *Yost* and its progeny have no precedential value whatsoever, since it is the statutory provisions of OCGA § 51-7-80 et seq. which now constitute "the exclusive remedy for abusive litigation." OCGA § 51-7-85.

2. The relevant facts in the instant case arose after April 3, 1989. However, OCGA § 51-7-80 et seq. is no more applicable here than is *Yost*. Appellees did *not* purport to state a tort claim for "abusive litigation" pursuant to OCGA § 51-7-80 et seq. In their counterclaims, appellees invoked *only* the provisions of OCGA § 9-15-14. The remedy that is afforded litigants under OCGA § 9-15-14 differs from that formerly afforded to tort claimants under *Yost* and such remedy likewise differs from that presently afforded to tort claimants under OCGA § 51-7-80 et seq. See *Ferguson v. City of Doraville*, 186 Ga. App. 430, 432 (2a) (367 SE2d 551) (1988). Entirely unlike OCGA § 51-7-80 et seq., OCGA § 9-15-14 does *not* create a tort claim for "abusive litigation," which would be pleaded pursuant to the Civil Practice Act and submitted to a jury for the resolution of disputed questions of fact. OCGA § 9-15-14 merely makes substantive and procedural provision for a trial court, sitting as the trior of fact, to make an award of attorney's fees and expenses of litigation as a sanction against certain enumerated abuses. Accordingly, appellees' recovery in the instant case is in no way governed by the substantive and procedural provisions applicable to a tort claim for "abusive litigation" under OCGA § 51-7-80 et seq.

3. "Pursuant to subsection (e) of OCGA § 9-15-14, a claim for reasonable and necessary attorney['s] fees and expenses of litigation to punish or deter litigation abuses must be brought 'within 45 days after the final disposition of the (underlying) action.' " *Abrahamsen v. McDonald's Corp.*, 197 Ga. App. 624, 625 (1) (398 SE2d 861) (1990).

Although appellees filed an *initial counterclaim* purporting to invoke OCGA § 9-15-14, they never filed a *timely motion* for OCGA § 9-15-14 attorney's fees and expenses of litigation. Even assuming that the voluntary dismissal of appellants' complaint can be considered to be a "final disposition" of the underlying action notwithstanding appellants' right to refile, appellees' initial counterclaim cannot be considered to be a "motion" which was filed "within 45 days" thereafter. "[T]he plain language of that part of [OCGA § 9-15-14] relating to procedure, i.e., subsection (e), provides for a 'motion' and makes no reference to a 'counterclaim.' Subsection (b) also refers to 'motion,' implying that the counterclaim vehicle is not contemplated. Subsection (e) also uses the term 'within,' not 'no later than' in referencing the time frame for the request. The word 'may' means that the litigant is authorized to seek such an award after the case is concluded, when the basis for an award has matured. [Cit.]" *Hutchison v. Divorce & Custody Law Center &c.*, 207 Ga. App. 421, 424 (427 SE2d

784) (1993). "Since a motion for OCGA § 9-15-14 attorney's fees is the prevailing party's *final* request in a concluded legal proceeding, a request for attorney's fees contained in a party's *initial* pleading whereby a legal proceeding is commenced obviously does not qualify. [Cit.]" (Emphasis in original.) *In the Interest of M. A. K.*, 202 Ga. App. 342 (1) (414 SE2d 288) (1991).

*Jones v. Bienert*, 197 Ga. App. 554 (398 SE2d 830) (1990) is not precedent for a contrary holding. The question of whether a counterclaim is a viable procedural vehicle for invoking OCGA § 9-15-14 was not directly addressed in that case. " 'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided so as to constitute precedents.' " *Albany Fed. S. & L. Assn. v. Henderson*, 198 Ga. 116, 134 (1) (31 SE2d 20) (1944). *Jones v. Bienert*, supra at 556, stands only for the correct proposition that, unlike a tort claim for "abusive litigation" pursuant to OCGA § 51-7-80 et seq., no notice of an OCGA § 9-15-14 claim must be given before that claim is actually asserted and such an asserted OCGA § 9-15-14 claim is not, therefore, subject to dismissal for the failure to have given any pre-claim notice. *Jones v. Bienert*, supra, does not stand for the erroneous proposition that, contrary to the express statutory language, an OCGA § 9-15-14 claim need not be made by motion within 45 days after final termination of the underlying litigation, but can be made by an initial counterclaim filed at the very outset of the litigation. Moreover, it would appear that the *Jones* counterclaimant *did* at least invoke a ruling on her OCGA § 9-15-14 claim within 45 days after dismissal of the main action, in that she moved the trial court "to retain jurisdiction over the counterclaim." *Jones v. Bienert*, supra at 554. The record in the instant case shows no equivalent motion invoking a ruling on their OCGA § 9-15-14 counterclaims within 45 days after dismissal of appellants' complaint.

4. The trial court's order "cannot be construed as a viable sua sponte award of attorney's fees pursuant to OCGA § 9-15-14 (b). If the [trial] court was inclined to award, on its own motion, attorney's fees pursuant to OCGA § 9-15-14 (b) . . ., it should have done so within 45 days of the final disposition of [the underlying] proceeding. . . ." *In the Interest of M. A. K.*, supra at 342-343 (1). Compare *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426 (425 SE2d 416) (1992).

5. Appellees made no timely motion for OCGA § 9-15-14 attorney's fees and expenses of litigation. The trial court made no timely sua sponte award of OCGA § 9-15-14 attorney's fees and expenses of litigation. It follows that the instant award was unauthorized and must be reversed.

*Case No. A92A1697*

6. In their cross-appeal, appellees urge only that the trial court erred in failing to make a *larger* award of OCGA § 9-15-14 attorney's fees and expenses of litigation than it actually did. Since we have held in the main appeal that the trial court erred in making *any* award to appellees under OCGA § 9-15-14, it follows that appellees' cross-appeal must be dismissed as moot.

*Judgment reversed in Case No. A92A1694. Appeal dismissed in Case No. A92A1697. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 12, 1993 —
RECONSIDERATION DENIED MARCH 2, 1993 —

*Glenville Haldi*, for appellants.
*Thompson, O'Brien, Kemp & Nasuti, J. Patrick O'Brien, Donna N. Kemp, William M. Coolidge III*, for appellees.