## S93G0910. BETALLIC, INC. et al. v. DEAVOURS et al.
### (439 SE2d 643)

SEARS-COLLINS, Justice.

We agree with the Court of Appeals' conclusion in this case and with that court's construction of OCGA § 9-15-14, except that part where the court finds that a claim for litigation costs and attorney

fees assessed for frivolous actions and defenses is available only to a "prevailing party." *Deavours v. Hog Mtn. Creations*, 207 Ga. App. 557 (428 SE2d 388) (1993). OCGA § 9-15-14 does not limit recovery to a certain party, but permits any party to recover from another party who has "unnecessarily expanded the proceeding by . . . improper conduct, including, but not limited to, abuses of discovery." OCGA § 9-15-14 (b).

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher and Sears-Collins, JJ., concur; Benham, J., concurs in the judgment only; Hunstein, J., and Judge William H. Ison dissent. Carley, J., disqualified.*

HUNSTEIN, Justice, dissenting.

The majority has adopted in primary part the interpretation given OCGA § 9-15-14 by the Court of Appeals, i.e., that subsection (e) of that statute allows the recovery of attorney fees and expenses of litigation for abusive litigation only where a motion is filed during a limited 45-day window of opportunity after final termination of the action. *Deavours v. Hog Mtn. Creations*, 207 Ga. App. 557 (3) (428 SE2d 388) (1993). I cannot agree. The undisputed purpose of the abusive litigation statute is the "deterrence of litigation abuses." *Porter v. Felker*, 261 Ga. 421, 422 (405 SE2d 31) (1991). To effectuate this purpose, I would construe OCGA § 9-15-14 as authorizing a party in response to perceived abusive litigation to assert a claim under the statute at any time up to 45 days after final termination of the underlying litigation, in any manner that places the other party on notice that such a claim has been asserted. This construction is consistent with the spirit and inflicts no damage to the letter of the law.[1] It also would be more congruous with the liberal construction this Court gives other pleading requirements, see, e.g., *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984), in that rather than following the Court of Appeals' elevation of form over substance, it places the emphasis on whether the pleading was sufficient to place the other party on notice as to the nature of the claim asserted. This construction would also best give effect to the intention of the legislature to construe the use of the word "within" in subsection (e) to mean "not later than" rather than "during," *Wall v. Youmans*, 223 Ga. 191, 192 (154 SE2d 191) (1967), thereby expanding, rather than restricting, the time period in which such a claim could be

---

[1] OCGA § 51-7-80 et seq. sets forth the cause of action for abusive litigation. In those instances where the only damages sustained by the abusive litigation plaintiff consist of attorney fees and expenses of litigation, however, OCGA § 51-7-83 (b) provides that OCGA § 9-15-14 represents the sole avenue of recovery. Subsection (b) of OCGA § 9-15-14 extends the ambit of the statute beyond the filing of claims and defenses, see id. at (a), to encompass abuses that occur within the course of the litigation itself.

filed. As to subsection (e), rather than construing it as restricting abusive litigation claims from the onset of the litigation, I would construe it as extending the period of time available to raise an abusive litigation claim by authorizing the filing of such a claim within 45 days after the final disposition of the action, setting forth that a motion is the appropriate procedural device to raise such a claim *in that extended time period.*

The reasonableness of this construction is evident in those situations — expressly addressed in OCGA § 9-15-14 (b) — where the claim is based on a party's abuse of discovery procedures although that party's underlying claim is valid. Immediate assertion of the abusive discovery claim followed by prompt disposition thereof could serve to discourage any further such abuses during the course of the litigation. Under the majority's construction of the statute, the victim of the discovery abuse has no choice but to wait until the final disposition of the entire action before asserting her claim, a result which virtually eliminates the deterrent effect of OCGA § 9-15-14.

Because this construction of OCGA § 9-15-14 best effectuates the drafters' intent that the statute should be liberally employed as an enforcement tool to discourage litigation abuse, I cannot agree with the majority's adoption of the Court of Appeals' interpretation, which establishes OCGA § 9-15-14 as a procedural trap for the unwary victim of abusive litigation.

I am authorized to state that Judge William H. Ison joins in this dissent.

DECIDED JANUARY 24, 1994 —
RECONSIDERATION DENIED FEBRUARY 18, 1994.

*Thompson, O'Brien, Kemp & Nasuti, J. Patrick O'Brien, Donna N. Kemp,* for appellants.
*Glenville Haldi,* for appellees.