S94A1083, S94A1084. HAMIL v. STANFORD et al. (two cases).
(449 SE2d 118)

BENHAM, Presiding Justice.

Appellant Petrelia Hamil filed suit seeking to set aside a conveyance of real property from her former husband, appellee Loue Hamil, to appellees Fay and R. L. Stanford. The Stanfords filed a counterclaim in which they alleged appellant was liable for damages for interference with their right of enjoyment of the property, as well as for attorney fees. When appellant concluded the presentation of her evidence at the nonjury trial, the Stanfords sought dismissal of the suit against them (see OCGA § 9-11-41 (b)), and the trial court entered judgment in their favor on appellant's complaint. After all the evidence was presented, the trial court found in favor of the Stanfords on their counterclaim, and in favor of appellant against her ex-husband, and entered judgment in accordance with its findings. Appellant appeals from the entry of judgment in favor of the Stanfords on appellant's claim (S94A1083) and the entry of the final judgment (S94A1084). We have consolidated the appeals.

1. When the Hamils were divorced in 1977, the marital home was titled in Mr. Hamil's name. The settlement agreement incorporated into the divorce decree provided that Mr. Hamil was to make the monthly mortgage payment on the house, appellant and the couple's children were to occupy the home, appellant had the right of first refusal if and when the home was put up for sale, and appellant was entitled to one-half the equity upon the sale of the house. In 1990, while appellant was imprisoned, Mr. Hamil sold the marital home for $150,000 to his secretary, Fay Stanford, and her husband. Pursuant to the Stanfords' motion at the close of appellant's case, the trial court found that the house was sold for a reasonable price; there was no evidence that the Stanfords were aware of any restrictions on the sale of the property; and, even if they had been aware of such restrictions,

they had no obligation to appellant. The trial court concluded that the Stanfords were bona fide purchasers for value and entered judgment in their favor on appellant's claims.

The trial court, sitting as trier of fact in a nonjury trial, was authorized to adjudicate the case on the merits upon the Stanfords' motion to dismiss at the close of appellant's case and its findings of fact, analogous to a jury verdict, will not be disturbed if there is any evidence to support them. *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160 (1) (390 SE2d 52) (1989). See also OCGA § 9-11-41 (b). The factfinder's determinations will not be disturbed on appeal since they are supported by the testimony of the Stanfords and Mr. Hamil.

2. After hearing all the evidence, the trial court determined that appellant had interfered with the Stanfords' right of enjoyment of the property they had purchased, and assessed damages against appellant. While testimony established that appellant had threatened the Stanfords with bodily harm, had gotten a temporary restraining order against the Stanfords' improvement of the property, and had caused the Stanfords to be unable to convey good title to any potential purchaser of the property, there was no evidence that appellant ever interfered with the Stanfords' possessory interest in the realty. In the absence of such evidence, the trial court erred in concluding that appellant had violated OCGA § 51-9-1 (*Tower Fin. Svcs. v. Mapp*, 198 Ga. App. 563 (1) (402 SE2d 286) (1991)), and erred in entering judgment for the Stanfords on that claim.

3. Lastly, appellant contests the award of attorney fees to the Stanfords. The Stanfords sought the attorney fees in a counterclaim based on OCGA § 13-6-11, contending that appellant had acted in bad faith when she brought this suit with knowledge that the Stanfords had purchased the property in good faith and had made improvements thereon. Since, as we held in Division 2, the Stanfords were not entitled to recover under an independent counterclaim asserting a claim for relief independent of the assertion of bad faith in bringing the main action, they are not true plaintiffs in counterclaim so as to claim litigation expenses under § 13-6-11. *Steele v. Russell*, 262 Ga. 651 (2) (424 SE2d 272) (1993); *Fla. Rock Indus. v. Smith*, 163 Ga. App. 361 (3) (294 SE2d 553) (1982). The award cannot, therefore, be sustained under § 13-6-11. Neither can it be sustained under a "right for any reason" analysis as being proper under § 9-15-14 (a) and (b): under the version of OCGA § 9-15-14 (e) in effect when the trial court entered its judgment, the Stanfords' request for attorney fees was not timely, and attorney fees and expenses of litigation could not have been awarded under that section. *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994), affirming *Deavours v. Hog Mtn.*

*Creations,* 207 Ga. App. 557 (3) (428 SE2d 388) (1993).[1]

4. The Stanfords' motion for assessment of a frivolous appeal penalty against appellant is denied.

*Judgment affirmed in Case No. S94A1083 and reversed in Case No. S94A1084. All the Justices concur.*

DECIDED NOVEMBER 7, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

*Sylvia K. Morrow,* for appellant (case no. S94A1083).

*Walter M. Henritze, Jr., Donald C. Turner,* for appellant (case no. S94A1084).

*A. Sidney Parker, Richard L. Moore, J. Stephen Schuster,* for appellees.

---

[1] OCGA § 9-15-14 (e) was amended by the legislature in 1994 to permit a request for attorney fees and expenses to be made by motion at any time during the course of the action but not later than 45 days after the final disposition of the action.