## A97A0892. DISMER v. LUKE et al.
### (492 SE2d 562)

RUFFIN, Judge.

This appeal raises two issues: (1) whether the Glynn County Superior Court had jurisdiction to review a probate court order assessing attorney fees for frivolous litigation under OCGA § 9-15-14 against a caveator to a will, and (2) whether the superior court erred in concluding that a jury should decide whether sanctions under OCGA § 9-15-14 should be awarded. While we find that the superior court had jurisdiction over the appeal from the probate court, we reverse the superior court's order permitting a jury to determine the question of sanctions, as the clear language of OCGA § 9-15-14 required the court to decide that issue.

On November 4, 1994, Alicia Dismer filed with the Glynn County Probate Court a petition to probate in solemn form the will of Edward Trapier Rogers. Margaret Luke filed a caveat to the will, claiming that the will was not voluntarily made, was the result of undue influence, was not properly executed and service was not properly perfected. In an order dated May 8, 1995, the probate court granted the petition to probate, which implicitly denied the caveat. Dismer then filed a motion requesting that attorney fees and litigation costs under OCGA § 9-15-14 be assessed against Luke and Luke's attorney for filing a meritless and frivolous caveat. On October 10, 1995, the court, in a final order, granted the motion and awarded Dismer $4,835.07 in attorney fees. Luke and her counsel appealed the probate court's assessment of fees to the superior court, which set aside the award and ruled that the question of whether sanctions should be awarded against Luke and her attorney is a jury question. Dismer appealed to this Court, arguing that the superior court's decision was "in direct conflict with the explicit language of OCGA [§] 9-15-14."

1. Before addressing the merits of Dismer's appeal, we must first determine whether the superior court had jurisdiction to review the probate court's award. "The general statutory meaning of an appeal from an inferior court to a superior court is that, after having been tried in the inferior court, the jurisdiction of the entire case is transferred to the superior court for . . ." a trial de novo. *Hartley v.*

*Holwell*, 202 Ga. 724, 726 (44 SE2d 896) (1947). An appeal to superior court from the probate court can be had as long as the probate court has reached a final judgment; the superior court's appellate jurisdiction does not extend to interlocutory rulings. *Driver v. State*, 198 Ga. App. 643, 644 (402 SE2d 524) (1991); *Hartley*, supra; see also *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972).

Luke's appeal attacking the fee award was from a final judgment of the probate court, and as such the superior court had jurisdiction. Dismer's probate court petition seeking (1) permission to prove the will in solemn form, (2) admission of the will to the court record and (3) issuance of letters testamentary so that she could perform her duties as required under the will was resolved when the probate court admitted the will to probate in its May 8 order. All of the issues raised in Luke's caveat were resolved by the same order. The final chapter of this litigation ended when the probate court awarded fees to Dismer pursuant to OCGA § 9-15-14, holding that Luke's caveat was without "merit and frivolous."

We note, however, that even if Dismer's administration of the estate were ongoing at the time Luke filed her caveat, the probate court's judgment finding the caveat meritless and assessing fees was a final, appealable judgment.

In *Ingram v. Rooks*, 221 Ga. 701 (146 SE2d 743) (1966), an executrix filed a petition to probate a will in solemn form. One of the heirs first assented to the petition, but later sought to withdraw her assent after the petition had been granted. The court of ordinary (now probate court) denied the heir's request, and the case was appealed to the superior court, which also denied relief. Our Supreme Court ruled that the superior court had authority to review the petition de novo, unfettered by the lower court's judgment. From the Court's opinion, it is clear that the court of ordinary's judgment was final, despite the fact the administration of the estate was continuing. Id. at 702. See also *Cubine v. Cubine*, 69 Ga. App. 656 (26 SE2d 462) (1943) (judgment of court of ordinary prohibiting distribution of proceeds of estate property to secured creditors was final, appealable judgment, despite the fact court of ordinary reserved for later determination how the proceeds should be distributed).

In light of the above, we conclude that the probate court's judgment was final and the superior court had jurisdiction to review it.

2. Turning to the merits of Dismer's appeal to this Court, we hold that the superior court erred in misconstruing the clear terms of OCGA § 9-15-14.

"In interpreting statutes, courts must look for the intent of the legislature and construe statutes to effectuate that intent. [Cit.] All words, except words of art, shall be given their ordinary significance. OCGA § 1-3-1 (b)." *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1)

(410 SE2d 28) (1991).

OCGA § 9-15-14 (f) provides that "[a]n award of reasonable and necessary attorney's fees or expenses of litigation under this Code section *shall be determined by the court without a jury* and shall be made by an order of court. . . ." (Emphasis supplied.) There is no ambiguity in the statute; the legislature clearly intended for the court, not a jury, to determine whether fees and costs should be awarded under OCGA § 9-15-14. See *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 778 (3) (406 SE2d 121) (1991); *Ferguson v. City of Doraville*, 186 Ga. App. 430, 432 (2) (367 SE2d 551) (1988), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119, n. 8 (376 SE2d 861) (1989). "OCGA § 9-15-14 merely makes substantive and procedural provision for a trial court, sitting as the trior of fact, to make an award of attorney's fees and expenses of litigation as a sanction against certain enumerated abuses." *Deavours v. Hog Mountain Creations*, 207 Ga. App. 557 (428 SE2d 388) (1993), modified, *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994), overruled on other grounds, *Deavours v. Hog Mountain Creations*, 213 Ga. App. 337 (445 SE2d 579) (1994).

Here, the superior court directly contradicted the clear language of OCGA § 9-15-14 by relegating the decision of whether sanctions should be assessed to the jury. The superior court's order is reversed, and the case is remanded for the court to determine the amount of sanctions, if any, to be awarded to Dismer.

*Judgment reversed and case remanded. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 1, 1997.

*William E. Dismer*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel*, for appellees.