# Court of Appeals
# of the State of Georgia

ATLANTA,  February 02, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0242.  IN RE: ESTATE OF JIMMY DARRYL BANKS.**

Jimmy D. Banks, Jr., has filed an application for discretionary appeal, seeking review of an order of the Meriwether County Probate Court granting a motion to establish ownership of property in this estate administration proceeding.  OCGA § 15-9-123 (a) provides that any party to a civil case in probate court shall have the right of appeal to this Court or the Supreme Court.  A "probate court" for purposes of this statute, however, is defined, in relevant part, as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census."  OCGA § 15-9-120 (2).  As the Meriwether County Probate Court does not meet this requirement, § 15-9-123 (a) is not applicable to appeals from the rulings and judgments of that court.  See 2010 Census, OCGA Vol. 42A, 2016 Supp., p. 60 (listing a 2010 population of 21,992 for Meriwether County).  Instead, OCGA § 5-3-2 (a) vests the superior court with appellate jurisdiction over any probate court decision other than an order appointing a temporary administrator.  Appellate jurisdiction in this case thus is controlled by § 5-3-2 (a), and not by § 15-9-123 (a).

The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."  Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988).  Although appellate jurisdiction in this action lies in the superior court as a general matter, an appeal under § 5-3-2 is available only from a final judgment.  See *Driver v. State*, 198 Ga. App. 643, 644 (402 SE2d 524) (1991) (no right of appeal to the superior court lies from an

interlocutory ruling in the probate court); *Sears v. State*, 196 Ga. App. 207, 207 (396 SE2d 1) (1990) (same).  The probate court's order here is not a final judgment, as the estate administration proceeding remains pending before that court.  Consequently, because there is no court in which appellate jurisdiction over the probate court's order lies, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  02/02/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*