# Court of Appeals
# of the State of Georgia

ATLANTA,  October 25, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0366.  THE STATE v. CLAYTON WAYNE WARD.**

In this pending traffic proceeding, the State filed a notice of appeal from the superior court's dismissal of its "Demand for Jury Trial." For reasons explained below, however, we lack jurisdiction over this appeal.

Clayton Wayne Ward was charged with several traffic offenses.[1] Ward waived formal arraignment and trial by jury and entered a plea of not guilty in probate court. The State filed a "Demand for Jury Trial," seeking to transfer the case to superior court for a jury trial, which the probate court denied. The State then appealed to superior court. The superior court dismissed the appeal, finding that it was an impermissible interlocutory appeal from probate court, and transferred the case back to probate court for further proceedings. This direct appeal followed.

As the Supreme Court has made clear, "[t]he State does not have a right of appeal in criminal cases, except as provided by OCGA § 5-7-1." *Glenn v. State*, 271 Ga. 604, 604 (1) (523 SE2d 13) (1999). And we are required to construe this statute strictly against the State. See id. at 605 (1). OCGA § 5-7-1 (a) (1) permits the State to file a direct appeal "[f]rom an order . . . setting aside or dismissing any indictment . . . [or] accusation." Although the State posits that this direct appeal is permitted under OCGA § 5-7-1 (a) because the trial court order effectively dismissed an accusation, the order did not dismiss the accusation. Rather, it dismissed the appeal

---

[1] Ward was charged with violating OCGA § 40-6-391 (A) (1), driving under the influence of alcohol; OCGA § 40-8-76.1, a seatbelt violation; and OCGA § 40-6-48, failure to maintain lane.

of an interlocutory probate court order denying the State's demand for a jury trial in superior court. OCGA § 5-3-2 (a) vests the superior court with appellate jurisdiction over any probate court decision other than an order appointing a temporary administrator, but an appeal under § 5-3-2 is available only from a final judgment. See *Driver v. State*, 198 Ga. App. 643, 644 (402 SE2d 524) (1991) (no right of appeal to the superior court lies from an interlocutory ruling in the probate court); *Sears v. State*, 196 Ga. App. 207, 207 (396 SE2d 1) (1990) (same). The probate court's order here was not a final judgment as the case remains pending before that court.

Strict construction of OCGA § 5-7-1 (a) (1) does not permit us to extend a direct appeal to an order such as this one dismissing an appeal of an interlocutory probate court order. See *Glenn*, 271 Ga. at 605 (1). Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 10/25/2021

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*