# Court of Appeals
# of the State of Georgia

ATLANTA,  November 26, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0690, A25A0691. IN RE ESTATE OF BOBBY JAMES FARMER, DECEASED et al. (two cases).**

In these related estate administration proceedings, the Oconee County Probate Court entered the following orders: (i) a September 29, 2022 order appointing the county administrator as the administrator of one of the estates; (ii) a July 14, 2023 temporary order concerning the disposition of certain equipment pending resolution of the litigation; and (iii) a September 3, 2024 order finding Jason Farmer (who appears to be an heir of one or both decedents) in contempt of court. Farmer thereafter filed a notice of appeal as to those three orders directed to this Court. That appeal has been docketed here as Case No. A25A0690.

On September 3, 2024, the probate court entered an additional order denying Farmer's motion to quash certain subpoenas and his challenge to the probate court's jurisdiction to require the attendance of Farmer and his family members at various proceedings. Farmer filed a separate notice of appeal as to that order directed to this Court.[1] That appeal has been docketed here as Case No. A25A0691. We lack jurisdiction over both appeals.

OCGA § 15-9-123 (a) provides that any party to a civil case in probate court shall have the right of appeal to this Court or the Supreme Court. A "probate court"

---

[1] Farmer also filed an application for discretionary review of the September 3, 2024 probate court order denying his motion to quash subpoenas and his challenge to the probate court's jurisdiction over certain matters. We dismissed that application as interlocutory. *Farmer v. Farmer*, Case No. A25D0084 (Oct. 28, 2024).

for purposes of this statute, however, is defined, in relevant part, as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census." OCGA § 15-9-120 (2). According to the 2020 census, Oconee County has a population of 41,799. See OCGA Vol. 42A, 2024 Supp., p. 90. Because the Oconee County Probate Court does not meet the population requirement, OCGA § 15-9-123 (a) is not applicable to appeals from the rulings and judgments of that court. Instead, appellate jurisdiction over decisions of probate courts in counties with a population of 90,000 or less (other than convictions under OCGA Title 40, Chapter 13, Article 2) lies in superior court. See OCGA §§ 5-3-3 (6), (12); 5-3-4 (a); 5-3-5 (d); 15-6-8 (3)-(4).

The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988). Although appellate jurisdiction in this action lies in the superior court as a general matter, an appeal to superior court is available only from a final judgment. See OCGA §§ 5-3-3 (4), (12); 5-3-4 (a); 5-3-5 (d); see also *Driver v. State*, 198 Ga. App. 643, 644 (402 SE2d 524) (1991) (no right of appeal to the superior court lay from an interlocutory ruling in the probate court under the version OCGA § 5-3-2 in effect at that time); *Sears v. State*, 196 Ga. App. 207, 207-208 (396 SE2d 1) (1990) (same).

The probate court's orders here are not final judgments, as the estate administration proceedings remain pending before that court. Consequently, because there is no court in which appellate jurisdiction over the probate court's orders lies, the appeals in Case Nos. A25A0690 and A25A0691 are hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __11/26/2024__

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*