# Court of Appeals
# of the State of Georgia

ATLANTA, February 03, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0296. THE LAMAR COMPANY, LLC, d/b/a LAMAR ADVERTISING v. NORTH FULTON OUTDOOR, LLC et al.

The Lamar Company, LLC d/b/a Lamar Advertising ("Lamar") seeks discretionary review of the superior court's order granting a motion to reconsider, affirming a decision of the Board of Zoning Appeals ("BZA"), and ordering Lamar to remove LED displays from a billboard. For reasons that follow, we lack jurisdiction.

After Lamar began constructing an electronic billboard, the City of Alpharetta issued a cease and desist letter. Lamar appealed the decision to the BZA, which affirmed. Lamar then filed a petition for certiorari in the superior court in which it included additional claims. In July 2022, the superior court granted the certiorari petition, but left pending Lamar's remaining claims. Lamar then filed an application for interlocutory appeal, which was granted. See Case No. A23I0018 (Aug. 25, 2022). The subsequent appeal, however, was dismissed as having been improvidently granted. See Case No. A23A0546 (Mar. 24, 2023).

After the case was returned to the trial court, North Fulton Outdoor, LLC ("North Fulton") was joined as a party. In August 2025, North Fulton filed a motion for reconsideration from the superior court's July 2023 ruling. The superior court granted the motion, and Lamar filed this application for discretionary appeal. Lamar concedes that other claims remain pending below, but asserts that review is allowed at this juncture because the superior court's ruling is tantamount to injunctive relief, which may be appealed directly under OCGA § 5-6-34(a)(4). But Lamar also recognizes that a discretionary application is required to appeal a superior court's

order reviewing a zoning decision. Lamar reads these provisions together as permitting a discretionary application from a non-final order in a zoning appeal. Lamar is mistaken.

Where, as here, two code sections provide conflicting methods for pursuing an appeal, we look to the underlying subject matter rather than the relief sought to determine the proper procedure to follow in order to appeal. See *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). Because the underlying subject matter concerns the superior court's review of an administrative zoning decision, a discretionary application is the proper procedural mechanism for seeking appellate review. See *Ladzinske v. Allen*, 280 Ga. 264, 266 (626 SE2d 83) (2006).

Furthermore, nothing in OCGA § 5-6-35(a)(1) permits interlocutory review of a non-final order.[1] Rather, this code section applies to "[a]ppeals from *decisions* of the superior courts reviewing decisions" of lower judicatories. OCGA § 5-6-35(a)(1) (emphasis added). And a decision within this context means a final decision.[2] See *Hartley v. Holwell*, 202 Ga. 724, 728 (44 SE2d 896) (1947) ("It is very obvious that, where the statute refers to an appeal from any decision of the court of ordinary, it refers only to a decision of the entire case."); accord *Strickland v. Crossmark*, 298 Ga.

---

[1] The case Lamar cites, *Grogan v. City of Dawsonville*, 305 Ga. 79 (823 SE2d 763) (2019), does not require a different result as the underlying subject matter there was the dismissal of a case under the Anti-SLAPP statute. As the Supreme Court noted, "[n]othing about [the] appeal from the denial of [the] motion to dismiss qualifies as an appeal from a decision of a superior court reviewing decisions of the state and local administrative agencies." Id. at 83 (2) (citation modified).

[2] We note that, although this case commenced as a certiorari proceeding in superior court, the code sections providing for review by certiorari were repealed effective July 1, 2023. A party aggrieved by a zoning decision now must file a petition for review. See OCGA § 5-3-1 et seq. Pretermitting whether this action is considered a certiorari petition or a petition for review, the superior court's duty in either case is to enter a final decision. See former OCGA § 5-14-15(b); OCGA § 5-3-18.

App. 568, 570-71 (1) (680 SE2d 606) (2009) (holding that there is no right to interlocutory appeal from a non-final workers' compensation award).

Because the superior court has not issued a final decision in this zoning appeal, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*  *02/03/2026*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*, Clerk.*