### 40655. PORTER v. CALHOUN COUNTY BOARD OF COMMISSIONERS et al.

GREGORY, Justice.

Appellant Porter serves as the elected probate judge of Calhoun County. In 1979, the General Assembly created, by local act, the Small Claims Court of Calhoun County. Ga. Laws 1979, p. 3121 et seq. Section 2 of this Act provided that "the judge of the Probate Court of Calhoun County shall serve ex officio as the judge of the Small Claims Court of Calhoun County." Thereafter Porter began serving as judge of the Small Claims Court. Pursuant to the Compensation of Judges of Courts of Limited Jurisdiction Act,[1] the Board of Commissioners of Calhoun County set the salary of the Small Claims Court Judge at $4200 per annum. Porter drew this salary through June 1983, at which time the Compensation of Judges of Courts of Limited Jurisdiction Act was repealed. Ga. Laws 1983, pp. 884, 928, § 7-1.

Under the 1983 Georgia Constitution, Art. VI, Sec. I, Par. I, effective July 1, 1983 (Code Ann. § 2-2701), "The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court." Further, under Art. VI, Sec. X, Par. I(6) (Code Ann. § 2-3601), "Justice of the peace courts, small claims courts, and magistrate courts operating on the effective date of this Constitution . . . shall become and be classified as magistrate courts." To implement these changes, the General Assembly amended Title 15 of the Official Code of Georgia (Code Ann. § 24-101 et seq.) "so as to provide for a magistrate court in each county and for the jurisdiction, powers, officers, proceedings and operation of such courts . . ." Magistrate Courts Act, Ga. Laws 1983, pp. 884, 928, § 7-1; OCGA Title 15, Chapter 10 (Code Ann. § 24-401 et seq.).

Pursuant to OCGA § 15-10-20 (Code Ann. § 24-501), the

---

[1] Former OCGA §§ 15-22-1 through 15-22-8 (Code Ann. § 27-2901 through § 24-309c), repealed by Ga. Laws 1983, p. 884, § 7-1, effective June 30, 1983.

Superior Court Judges of Calhoun County appointed Charlene Clark Chief Magistrate of Calhoun County, to serve at a salary of $3950 per annum. OCGA § 15-10-23(a) (Code Ann. § 24-504). Appellant Porter and a third party were each appointed to the office of magistrate, drawing an annual salary of $600. OCGA §§ 15-10-22 and 15-10-23(c) (Code Ann. §§ 24-503 and 24-504).

Thereafter Porter filed a petition against the Calhoun County Board of Commissioners, seeking a declaratory judgment that (1) he is entitled to be appointed Chief Magistrate at the same salary he received as Judge of Small Claims Court and (2) the Magistrate Courts Act of 1983 is unconstitutional. The trial court ruled against Porter on both issues and this appeal followed.

1. Initially Porter argues the trial court erred in holding that the Small Claims Court of Calhoun County has been abolished. Art. VI, Sec. I, Par. I of the Constitution of Georgia of 1976 (Code Ann. § 2-3001) provided the judicial powers of the state be vested in certain enumerated courts "and such other courts as have been or may be established by law." Under this general grant of authority the General Assembly, in 1977, created the Small Claims Court of Calhoun County. Ga. Laws 1979, p. 3121, supra.

Art. VI, Sec. I, Par. I of the 1983 Constitution (Code Ann. § 2-2701) specifically vests the judicial power of the state in "magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals and Supreme Court." Small Claims Courts are not included among the courts of this state and the previous grant of legislative authority to establish additional courts no longer exists. Further, Art. VI, Sec. X, Par. I(6) (Code Ann. § 2-3601) provides, in part, "small claims courts . . . operating on the effective date of this Constitution . . . shall become and be classified as magistrate courts." To implement this constitutional provision, and provide for a system of state-wide magistrate courts, the General Assembly enacted Ga. Laws 1983, p. 884, discussed, supra.

It is clear Porter's argument must fail. "Every public office is the creation of some law, either statutory or constitutional in origin. It continues only so long as the law to which it owes its existence remains in effect. Therefore, when the law is authoritatively abrogated, . . . the office no longer exists." *Carter v. Burson,* 230 Ga. 511, 517 (198 SE2d 151) (1973). Art. VI, Sec. I, Par. I (Code Ann. § 2-2701) and Art. VI, Sec. X, Par. I(6) (Code Ann. § 2-3601) of the 1983 Constitution effectively extinguished small claims courts throughout the state, vesting the jurisdiction of these courts instead in magistrate courts. Georgia Laws 1983, p. 894 establishing the Magistrate Courts Act, implemented this constitutional provision. See OCGA Title 15, Chapter 10 (Code Ann. § 24-401 et seq.). Simultaneously the

legislature abolished in its entirety the Courts of Limited Jurisdiction Compensation Act of 1982 which had provided the means of compensating for the office of judge of Small Claims Court. Ga. Laws 1983, pp. 884, 928, § 7-1. The Small Claims Court of Calhoun County has become and is classified as a magistrate court. Georgia Constitution of 1983, Art. VI, Sec. X, Par. I (Code Ann. § 2-3601).

2. In his next two enumerations of error Porter maintains that since Ga. Laws 1979, p. 3121 provided that the Probate Judge of Calhoun County be appointed the Judge of Small Claims Court, only the Probate Judge of Calhoun County may be appointed chief magistrate under OCGA § 15-10-20 (Code Ann. § 24-501). Additionally Porter argues that because he also serves as probate judge, his salary as a magistrate cannot be reduced to less than he received as a small claims court judge.

While Ga. Laws 1979, p. 3121, established that the Probate Judge of Calhoun County also serve as the Judge of Small Claims Court, it did not combine the powers or jurisdiction, or means of compensating the two offices. The offices are, in fact, distinct in power and jurisdiction[2] as well as means of compensation.[3]

(a) Porter relies on Ga. Laws 1983, pp. 884, 928, § 7-2 (Statewide System of Magistrate Courts Created) in support of his argument that he must receive a magistrate's salary comparable to that he received as Judge of the Small Claims Court. The portions of this section relevant to Porter's argument provide, "Probate judges formerly compensated under Chapter 22 of Title 15 (Code Ann. § 24-401 et seq.) of the Official Code of Georgia Annotated shall, on and after June 30, 1983, *continue to receive the same salary they were receiving immediately prior to that date,* but not less than the amount specified in Code sections 15-9-63 through 15-9-67 (Code Ann. §§ 24-1701b through 24-1704b) [providing compensation for probate judges]; and such salary shall be in lieu of any and all fees formerly received by such probate judges as compensation for their services as probate judges . . ." (Emphasis supplied.)

Porter maintains this language means that a person who served in the dual capacity of probate judge and small claims court judge prior to the effective date of the Magistrate Courts Act, Ga. Laws

---

[2] Compare The Probate Courts Act, OCGA §§ 15-9-30 through 15-9-32 (Code Ann. §§ 24-1901 through 24-1903) to Ga. Laws 1979, p. 3121, § 1.

[3] Compare The Probate Courts Act, OCGA §§ 15-9-63 through 15-9-67 (Code Ann. §§ 24-1701b through 24-1704b) to Courts of Limited Jurisdiction Compensation Act of 1982, OCGA Title 15, Ch. 22 (Code Ann. § 24-401 et seq.), repealed Ga. Laws 1983, pp. 884, 928, § 7-1.

1983, p. 884, OCGA Title 15, Ch. 22 (Code Ann. § 24-301c et seq.), and who now serves in the dual capacity of probate judge and magistrate by virtue of that Act cannot be required to take a reduction in pay. We do not agree. The effect of this language is simply to alter the method of remuneration for those probate judges who were compensated, in their capacity as probate judges, under the now abolished Courts of Limited Jurisdiction Compensation Act of 1982.[4] This language has no applicability to the compensation of the office of magistrate, regardless of whether a person holding that office also serves as probate judge. Rather, the minimum compensation for the office of magistrate is governed by OCGA § 15-10-23 (Code Ann. § 24-504). Subsection (b) of that section provides that each magistrate, other than the chief magistrate, shall be compensated at a minimum monthly salary of $50 unless otherwise provided by local law. It is clear that Calhoun County is meeting these minimum compensatory requirements.

(b) While it is apparent that a person who previously held the office of Judge of Small Claims Court would be qualified to serve as chief magistrate, there is no entitlement to so serve by virtue of holding the former position. See, OCGA § 15-10-20 (Code Ann. § 24-501).

Art. VI, Sec. X, Par. II (Code Ann. § 2-3601) of the 1983 Constitution provides that "[e]ach judge holding office on the effective date of this article shall continue in office until the expiration of the term of office, *as a judge of the court having the same or similar jurisdiction.*" (Emphasis supplied.) It is clear that Porter is continuing in office as a magistrate. This constitutional provision does not entitle him to continue in office as chief magistrate. Nor does Ga. Laws 1983, pp. 884, 929, § 7-4 require his appointment to the position of chief magistrate, as Porter suggests. This section provides for his continuation in office as a magistrate. It does not deal with selection of chief magistrate.

3. Last, Porter argues the caption of Georgia Laws 1983, p. 884, "State-wide System of Magistrate Courts Created — Justice Courts Abolished, Etc.," violates that provision of the 1983 Georgia Constitution which states, "No bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof." Art. III, Sec. V, Par. III (Code Ann. § 2-1003). Porter maintains the caption failed to give notice that the

---

[4] The record indicates that Porter was compensated as a probate court judge under The Probate Courts Act, supra, rather than the Courts of Limited Jurisdiction Compensation Act of 1982, supra.

Small Claims Court of Calhoun County was being abolished by this Act.

In interpreting this constitutional provision, this court has consistently noted that " 'It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition.' " *Mullis v. Southern Co. Services,* 250 Ga. 90, 91 (296 SE2d 579) (1982). We find the caption in this case meets these requirements.

We point out that Ga. Laws 1984, p. 884 did not abolish the small claims courts as Porter suggests. Rather that was accomplished by the 1983 Constitution, Art. VI, Sec. I, Par. I and Art. VI, Sec. X, Par. I(6) (Code Ann. §§ 2-2701 and 2-3601). These constitutional provisions clearly give notice that the small claims courts of the state, on July 1, 1983, ceased to exist as such and became magistrate courts.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 17, 1984.

Charles B. Porter, *pro se.*

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Senior Assistant Attorney General, Willis A. Duvall, Special Assistant Attorney General,* for appellees.