A03A1860. SOUTHLAND OUTDOORS, INC. et al. v. PUTNAM COUNTY et al.
(593 SE2d 940)

ANDREWS, Presiding Judge.

We granted Southland Outdoors, Inc.'s application for discretionary review of the trial court's order denying them attorney fees under OCGA § 9-15-14. Because the trial court's decision to deny the attorney fees was not supported by the evidence, we reverse.

The underlying facts in this case are undisputed. The case arose when Southland Outdoors bought land in the AG (agricultural) zoning district. At that time, the Putnam County Zoning Ordinance allowed, as a matter of right, use of the land in the AG zoning district for certain commercial recreation and entertainment purposes including "Hunting club" and "Shooting/archery range." Southland Outdoors bought land in this zoning district and obtained options on additional parcels of land with a view to opening a shooting range. Before buying the land, Southland Outdoors asked and received confirmation from the Director of the Putnam County Planning and Engineering Department/Building Inspector that their planned use of that particular property was a use as a matter of right.

Based on these assurances, Southland Outdoors proceeded with planning and development of the facility. The plans included four clay shooting courses, including a five-stand bi-level shooting pavilion, a skeet range with high and low towers, a trap field, and a ten-station sporting clay course. There was also a plan for a log clubhouse where shooting equipment would be sold. The clubhouse would require rezoning to commercial for that portion, an occurrence with which the director did not foresee any difficulty.

Southland Outdoors submitted petitions for the rezoning of the clubhouse tract and for building permits for the clubhouse and other portions of the facility. A permit was issued for the building of the shooting pavilion and construction was begun.

Several neighboring landowners objected to the shooting range and a document deemed to be an appeal of the issuance of the building permit was received and the matter taken up before the Putnam County Planning and Zoning Commission. The zoning commission voted to revoke the building permit which had been issued and also to propose changes in the zoning ordinance to the county commission.

Southland Outdoors appealed this decision to the Putnam County Board of Commissioners. Several residents attended the

hearing on the appeal and voiced their concerns about the shooting range to the commissioners. The commissioners upheld the revocation of the building permit and amended the zoning ordinance so that shooting ranges must be approved as a conditional use.

Southland Outdoors filed a petition for mandamus in superior court to require the County to reissue the building permit. The court held a hearing on the petition at which the County presented no evidence. After a hearing, the court granted the petition. In its order, the court noted that in reliance on the language in the zoning ordinance and the assurances of the director, Southland Outdoors had incurred expenses of $85,000 and contractual obligations in excess of $200,000, in addition to the cost of the land. The court held that the language in the zoning ordinance was plain and unambiguous and rejected defendants' argument that this was in reality a "gun club" which went beyond the scope of a "shooting range" or "hunting club." The court noted that a "gun club" would be, if anything, a less intensive use of the land than a shooting range. The court held that the County's actions were a violation of the zoning ordinance and deprived Southland Outdoors of their vested property rights. The court found that Southland Outdoors was entitled to a writ of mandamus to compel issuance of the building permits for the facility.

Southland Outdoors then filed a motion for attorney fees under OCGA § 9-15-14 (a) and (b). The court denied the motion, finding only that defendants' defense was not "so void of merit that the sanctions of OCGA § 9-15-14 should be utilized against the Defendants." This appeal followed.

The only issue before us is whether the court erred in determining that the County's defense was not so lacking in merit as to warrant the sanctions of OCGA § 9-15-14. This Code section provides in pertinent part:

> (a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.
>
> (b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action

in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

To the extent the trial court's denial of attorney fees was based on OCGA § 9-15-14 (a), it must be sustained if there is any evidence to support it. To the extent the denial of an award was based on OCGA § 9-15-14 (b), it must be sustained unless the trial court abused its discretion. *Mitcham v. Blalock*, 268 Ga. 644, 648 (491 SE2d 782) (1997). See also *Brown v. Kinser*, 218 Ga. App. 385, 387 (461 SE2d 564) (1995).

We conclude that under either OCGA § 9-15-14 (a) or (b), Southland Outdoors was entitled to attorney fees.

The evidence at the hearing on the motion for attorney fees was that at the appeal to the Board of Commissioners, one of the commissioners asked the director/building inspector: "I have a question of Mr. Howell. When the permits were issued, was it legal under the ordinance?" Howell answered, "Yes, ma'am. I mean, I issued it." The commissioners then went into a closed session and when they came out, the commissioner from the district in which the proposed site was located made a motion: "Mr. Chairman, I have talked to people about this thing. I vote against it." There was no further discussion and the commissioners voted to uphold the revocation of the permit.

Also at the hearing on the motion for attorney fees, there was testimony from one of the principals involved in the development of the shooting range who stated that the chairman of the Board of Commissioners told him that "the County Commission really would prefer to make the courts the bad guys rather than themselves." Southland Outdoors also introduced the depositions of the county commissioners which showed that they could not articulate a legally cognizable reason to justify their revocation of the building permit. Furthermore, the County did not put up any evidence and called no witnesses to testify at either the hearing on the petition for mandamus or the hearing on the request for attorney fees.

As Southland Outdoors points out in its brief, the trial court's order granting the petition for mandamus is clear that the court

found no justiciable issue of law or fact that supported the County's position. The court characterized defendants' argument as "an admirable attempt at creative advocacy." Moreover, after reviewing the record and in light of the evidence as discussed above, we conclude that the County's position was without factual or legal support. This, in addition to the County's failure to present "any genuine defense when the issue was finally joined, . . . fully warrant[s] the imposition of sanctions." *Harkleroad & Hermance, P.C. v. Stringer*, 220 Ga. App. 906, 908 (472 SE2d 308) (1996).

Accordingly, the judgment of the trial court is reversed and this case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 3, 2004 ▮

▮

*Jones, Cork & Miller, Robert C. Norman, Jr., Shinall, Felt & Berlew, John M. Shinall*, for appellants.

*Freeman, Mathis & Gary, Dana K. Maine, Jeanne S. Watson, Paul B. Frickey, Prior & Jones, Robert T. Prior*, for appellees.

