A04A0804. GEORGIA TRANSMISSION CORPORATION
v. DIXON et al.
(600 SE2d 381)

ELDRIDGE, Judge.

On December 4, 2002, appellant/plaintiff Georgia Transmission Corporation ("GTC") filed a condemnation petition in the Superior Court of Berrien County of the Alapaha Judicial Circuit[1] — this to acquire by eminent domain an easement over a Berrien County property owned by appellee/defendant C. M. (Jean) Dixon for the purpose of installing a 115-volt electrical power transmission line (the "Project"). For like purpose, GTC contemporaneously filed two additional condemnation petitions as to two parcels of land owned by Berrien County Superior Court Judge Carson Dane Perkins. The cases were assigned to Judge Perkins' fellow judge on the two-judge Berrien County Superior Court,[2] Chief Judge Brooks E. Blitch III, for trial.

On January 17, 2003, the cases came on for a consolidated hearing before a special master pursuant to the agreement of the parties. The special master issued his joint award on January 23, 2003, finding the Project unnecessary and disallowing the condemnation upon bad faith in GTC as the condemnor. On January 28, 2003, GTC filed its motion seeking Chief Judge Blitch's recusal as trial judge. GTC supported the motion, in part, by the affidavit of counsel, averring: (1) counsel for condemnee's status as a part-time judge of

---

[15] OCGA § 16-6-2 (a).

[1] The Alapaha Judicial Circuit is comprised of the counties of Atkinson, Berrien, Clinch, Cook, and Lanier. OCGA § 15-6-1 (1).

[2] The Alapaha Judicial Circuit is authorized two superior court judges. OCGA § 15-6-2 (1).

the superior court subject to sit as a superior court judge upon Chief Judge Blitch's designation under OCGA § 15-1-9.1 (b), and (2) the inherent "interrelationship and affiliation between and among" judges serving on the same court.

GTC filed its exceptions to the award of the special master in the superior court on January 31, 2003. GTC now appeals from the denial of these exceptions, contending that Chief Judge Blitch erred: (1) in failing to recuse himself from hearing its exceptions to the award of the special master as trial judge; (2) in adopting the special master's finding that necessity for the Project had not been demonstrated for bad faith in GTC; (3) in refusing to qualify its expert witness as an expert; (4) in not admitting its Project release document and two computer generated documents of the Colquitt Electric Membership Corporation ("EMC") under the business record exception to the rule against hearsay; (5) in finding that the Project did not support a public purpose; (6) in finding no proof of authority to proceed with the Project; (7) in finding that even were there necessity for the Project, the Project was subject to local zoning ordinances and permit requirements; and (8) in refusing to consider its exceptions to certain of the special master's findings, i.e., that the Project constituted a nuisance to adjacent properties for resulting electromagnetic fields amounting to inverse condemnation; that the description of the property was indefinite for including the right to clear "dead, diseased, weak or leaning trees on lands adjacent to the project"; and that a finding as to just and adequate compensation for the property to be condemned was unnecessary as moot. Because we conclude that Chief Judge Blitch erred by denying GTC's motion seeking his disqualification or recusal as the trial judge and that Chief Judge Blitch should not have presided over or ruled upon the case, we vacate the order complained of as void and remand the case for rehearing not inconsistent with this opinion.

1. Dixon correctly points out that GTC's motion to recuse was defective for failure to show on its face its status as timely filed, i.e., as filed and presented to the judge "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause [is] shown for failure to meet such time [constraints]." Uniform Superior Court Rule 25.1. While waiver of the grounds for recusal ordinarily results in such a circumstance, see *Pope v. State*, 256 Ga. 195, 213 (26) (345 SE2d 831) (1986), overruled on other grounds, *Nash v. State*, 271 Ga. 281, 284 (519 SE2d 893) (1999) (untimely motion to recuse or a motion to recuse that is defective waives the grounds for recusal), it is inapplicable in this case because Judge Perkins is a party by consolidation of the cases at issue, and Chief Judge Blitch, Judge Perkins,

and counsel for Dixon, as a part-time judge of the superior court, are all judges sitting on the same court. See OCGA §§ 15-6-1; 15-6-2.

> Simply stated, the public must believe in the absolute integrity and impartiality of its judges. Consequently, even without a showing of actual bias, prejudice or unfairness, and regardless of the merits or timeliness of a Motion to Recuse, . . . *it is inappropriate for any trial court judge to preside in any action wherein one of the parties holds a judicial office on the same or any other court which sits in the same circuit.*

(Punctuation and footnote omitted; emphasis supplied.) *Smith v. Guest Pond Club*, 277 Ga. 143, 146 (2) (586 SE2d 623) (2003), citing Judicial Qualifications Commission, Opinion 220. This bright line rule also lies in circumstances where, as here, "counsel for one of the parties holds judicial office on the same court as the presiding judge."[3] *Smith v. Guest Pond Club*, supra.

Canon Two of the Judicial Code "mandates that judges avoid not only actual impropriety, but that they avoid even the appearance of impropriety." *In the Matter of: Inquiry Concerning a Judge No. 97-61*, 269 Ga. 425 (499 SE2d 319) (1998). "An appearance of impropriety exists in situations in which reasonable minds might perceive that a judge's ability to carry out his or her responsibilities with impartiality, integrity and/or competence is impaired." (Footnote omitted.) *Smith v. Guest Pond Club*, supra at 145 (2), citing Commentary to Canon Two, Code of Judicial Conduct. This is such a case, i.e., the cases, as consolidated, allowing Chief Judge Blitch to do indirectly that which he is barred from doing directly, that is, to preside as a trial court judge in a matter wherein one of the parties holds a judicial office on the same court. *Smith v. Guest Pond Club*, supra at 146 (2). That Chief Judge Blitch presided over this case as consolidated below, and quite apart from whether any actual impropriety occurred, reasonable persons might have perceived a conflict of interest in the performance of his official duties, these compromising the good character of his judicial office as impartial and unbiased. Consequently, the order of which GTC complains must be and is ordered vacated, and the case is remanded for disposition by a judge outside the Alapaha Judicial Circuit. OCGA § 15-1-9.1 (b) (1); *Smith v. Guest Pond Club*, supra.

2. In light of our disposition of Division 1, we need not consider GTC's remaining claims of error.

---

[3] *Guest Pond* arose out of the Alapaha Judicial Circuit and involved counsel for Ms. Dixon and Judge Perkins herein. Id. at 145.

578

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 12, 2004 —
RECONSIDERATION DENIED MAY 25, 2004 — ▮▮▮▮▮▮

Reinhardt, Whitley, Wilmot & Summerlin, Robert C. Wilmot, Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Cecil G. McLendon, Jr., Nancy I. Jordan, for appellant.
Berrien L. Sutton, Bryant H. Bower, Jr., for appellees.