A09A2120. ROBINSON v. GLASS.
(691 SE2d 620)

SMITH, Presiding Judge.
Cathelene T. Robinson, the clerk of the Superior Court of Fulton County, appeals a trial court order awarding attorney fees under OCGA § 9-15-14 in a mandamus petition filed by Stuart D. Glass to compel Robinson to transmit a record to this court.[1] Because Robinson's office did not follow the statutory procedure, failed to transmit the record in a timely fashion, and interposed frivolous contentions in its answer, the trial court correctly found that Robinson's position was "unsupported by a sufficient factual or legal basis" and caused Glass to incur unnecessary trouble and expense. We therefore affirm.

As the trial court noted in its order, in March 1995 Glass appealed an adverse decision of the Atlanta Civil Service Board to Fulton County Superior Court. In June 2007, the superior court affirmed the board's decision, and Glass filed an application for

---

[1] Robinson also failed to file a statement of jurisdiction as required by Court of Appeals Rule 22 (b), but we decline to dismiss the appeal on that ground as urged by Glass.

discretionary appeal with this court. That application was granted on July 18, 2007, and on July 24, 2007, Glass filed his notice of appeal.

After three months passed with no preparation of the record or bill of costs, Glass's counsel began telephoning the Fulton County Superior Court clerk's office. He testified that he made approximately five telephone calls, that an assistant clerk promised him each time that she would check on the status of the record, and that no one ever called him back. On January 8, 2008, counsel prepared a letter to the supervisor of the Appeals Section inquiring about the status of the record. This letter was never answered. After receiving no response to his letter, Glass filed a petition for mandamus on February 2, 2008.

Robinson answered, asserting that Glass had failed to state a claim, that he had no right to seek relief, that he had adequate remedies at law, and that his claims were barred by laches and mootness. She also denied knowledge of the law's requirements. Robinson moved to have the petition dismissed as moot, claiming that "[f]or reasons beyond the scope of this motion, the record did not get prepared due to a lack of communication." Finally, she alleged that Glass was stubbornly litigious for refusing to pay court costs. But the bill of costs is dated February 26, 2008, five days after Glass filed his petition for mandamus, and it was promptly paid by Glass's counsel.

At the hearing on Glass's petition for mandamus, the parties indicated to the trial court that the record and bill of costs had been prepared, and the trial court therefore dismissed the petition as moot. After the hearing, but before the entry of the trial court's order, Glass filed his motion for attorney fees and expenses under OCGA § 9-15-14. After two hearings, the trial court granted Glass's motion.

OCGA § 9-15-14 provides:

> (a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

> (b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

"To the extent the trial court's [order on] attorney fees was based on OCGA § 9-15-14 (a), it must be sustained if there is any evidence to support it. To the extent the . . . award was based on OCGA § 9-15-14 (b), it must be sustained unless the trial court abused its discretion." *Southland Outdoors v. Putnam County*, 265 Ga. App. 399, 401 (593 SE2d 940) (2004).

In granting Glass's motion for attorney fees, the trial court found that Robinson's "position is unsupported by a sufficient factual or legal basis" and that her failure "prompted the filing of Plaintiff's Petition and he incurred the costs associated therewith."

In *Southland*, supra, we reversed a trial court's refusal to impose attorney fees under OCGA § 9-15-14 when a county improperly revoked a building permit, forcing the landowner to bring a mandamus petition seeking reissuance of the permit. We concluded that the county's position "was without factual or legal support" and that the county failed "to present any genuine defense when the issue was finally joined." (Citation and punctuation omitted.) Id. at 402. Despite Robinson's insistence below, without explanation, that the *Southland* decision is "distinguishable on its facts, and lacks precedential value in this case," we find it directly on point here.[2]

Under OCGA § 5-6-43 (d), the clerk of court must transmit a record which is already on file with the court within 20 days after the filing of the notice of appeal. OCGA § 5-6-43 (a) requires that a complete record be prepared within five days after filing of the transcript. But Robinson's office simply ignored the clerk's statutory responsibilities and the repeated inquiries of Glass's counsel. The speedy preparation of the record, once Glass's mandamus petition

---

[2] Robinson does not discuss *Southland* in her appellate brief.

was filed and a hearing scheduled, tends to confirm that there was no substantial reason for the record to have been delayed for almost six months. This action, or rather inaction, cannot be justified as a matter of fact or law and caused Glass unnecessary trouble and expense by forcing him to file a mandamus action. In addition, Robinson responded to Glass's filing with an answer interposing numerous defenses which had no basis in fact or law.

Robinson contends that she was not given an opportunity to present the facts regarding her failure to prepare the record or to contest Glass's testimony regarding reasonable attorney fees. See generally *Rice v. Grubbs*, 281 Ga. 614 (641 SE2d 514) (2007). But, as the trial court noted in its order, a hearing was held on Glass's motion for attorney fees, giving Robinson the opportunity to raise any defense.[3] This was in addition to an earlier hearing, in which Robinson contended that no written motion for attorney fees had been filed, even though the record shows that Glass's motion, with an affidavit stating the amount of his reasonable attorney fees, was stamped as filed on March 27, 2008. This contention is without merit.

Robinson also argued below, and continues to argue, that she is not liable for Glass's attorney fees because she, not Glass, was the "prevailing party" in the underlying litigation. In other words, because Robinson's office managed to prepare the record before the scheduled hearing on Glass's mandamus petition, causing the petition to be dismissed as moot, she "prevailed" and Glass did not, and he therefore cannot recover attorney fees. We disagree.

First, and most importantly, the Georgia Supreme Court has held that "OCGA § 9-15-14 does not limit recovery to a certain party, but permits any party to recover from another party who has unnecessarily expanded the proceeding by improper conduct, including, but not limited to, abuses of discovery." (Punctuation omitted.) *Betallic, Inc. v. Deavours*, 263 Ga. 796, 797 (439 SE2d 643) (1994); see also *Reese v. Grant*, 277 Ga. 799, n. 1 (596 SE2d 139) (2004). The Supreme Court expressly reversed this court's holding in *Deavours v. Hog Mountain Creations*, 207 Ga. App. 557, 559 (3) (428 SE2d 388) (1993), that a claim for litigation costs and attorney fees is available only to a prevailing party. *Betallic*, supra at 796-797.

Accordingly, Robinson's argument that Glass is not entitled to OCGA § 9-15-14 penalties because he is not the "prevailing party"

---

[3] Most likely because Robinson raised this contention in her brief, Glass moved in July 2009 to supplement the record with the transcripts of the hearing on his mandamus petition and the hearing on his motion for attorney fees. This court ordered supplementation of the record in August, but as late as mid-January, Robinson's office had failed to provide those transcripts.

is without merit.[4] Robinson unnecessarily expanded the proceedings by forcing Glass to expend costs and attorney fees as a direct result of her office's failure to follow the law, and by raising meritless defenses in her answer to the mandamus petition. Moreover, Glass "prevailed" because he obtained the relief sought, even though it was provided without the necessity of a writ of mandamus from the trial court — or at least before a hearing could be scheduled and held.

Second, the construction urged by Robinson would thwart the purposes of OCGA § 9-15-14. A public officer that refuses or neglects to obey a plain statutory mandate for almost six months, thereby forcing a citizen to go to the trouble and expense of filing a mandamus petition in order to obtain what he is entitled to by law, and furthermore files an answer denying that the citizen is entitled to relief, should not be able to escape responsibility for his or her inaction by belatedly complying with the law a few days before a scheduled hearing. We have held, in the context of frivolous appeal penalties under Court of Appeals Rule 15, that public officials have a particular responsibility to ensure that they have a reasonable basis for their positions in litigation, because they represent "a government agency spending the taxpayers' money. . . ." *Fulton County Bd. of Tax Assessors v. Harmon Bros. Charter Svc.*, 261 Ga. App. 534, 538 (583 SE2d 179) (2003); see also *Ferdinand v. City of East Point*, 301 Ga. App. 333, 340 (6) (687 SE2d 617) (2009).

The judgment of the trial court is therefore affirmed.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MARCH 9, 2010.

*Willie J. Lovett, Jr., Meka B. Ward*, for appellant.
*McKenney & Froelich, William J. McKenney*, for appellee.

---

[4] *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009), does not alter this result. In *Brewer*, we merely held that only parties, not attorneys, may receive an award of attorney fees. This opinion should not be interpreted to hold that only *prevailing* parties may recover attorney fees under OCGA § 9-15-14.