In the Supreme Court of Georgia

Decided: February 1, 2016

S15A1901. GEORGIACARRY.ORG, INC. et al. v. JAMES.

THOMPSON, Chief Justice.

On January 6, 2014, appellant Iziah Smith applied to appellee Harry B. James, III, Judge of the Probate Court of Richmond County, for a renewal Georgia weapons carry license; he requested the issuance of a temporary renewal license as well. At that time, Smith had fewer than 90 days remaining before his carry license expired. Although Smith initially was refused a temporary renewal license, he was issued a weapons carry license on January 27, 2014, within 30 days of the filing of his application for a license, and before his previously issued license expired. See OCGA § 16-11-129 (i).

Several weeks later, on February 18, 2014, Smith and appellant GeorgiaCarry.Org, Inc. ("GCO")[1] brought this mandamus action against James in the Superior Court of Richmond County, alleging James was wrongly

[1] In their complaint, appellants allege that GCO is a non-profit corporation dedicated to promoting the rights of its members to bear arms and that appellant Smith is a member of GCO.

refusing to issue temporary renewal licenses. James answered, denying the material allegations of the complaint.

Thereafter, on April 24, 2014, appellants filed a motion for recusal, asserting that a Richmond County Superior Court Judge should not be presiding over a case in which the Richmond County Probate Court Judge was named as the defendant. The trial court denied the motion to recuse.

Following discovery, both sides moved for summary judgment. Recognizing that, at some point, James had begun issuing temporary renewal licenses to other applicants, appellants acknowledged they were no longer entitled to the issuance of a writ of mandamus. They asserted, nevertheless, that they were entitled to costs and attorney's fees as the "prevailing party" in the lawsuit. See OCGA § 16-11-129 (j).

The trial court granted James' summary judgment motion and denied appellants' summary judgment motion. This appeal followed.

1. In the first enumeration of error, appellants assert the trial court erred in denying the motion to recuse. We disagree.

Uniform Superior Court Rule 25 establishes the procedural framework within which a motion to recuse a presiding judge must be resolved. With

respect to the timeliness of such a motion, USCR 25.3 makes it clear that a motion to recuse must be filed "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification . . . unless good cause be shown for failure to meet such time requirements."

In <u>Mayor & Aldermen of the City of Savannah v. Batson-Cook Co.</u>, 291 Ga. 114 (728 SE2d 189) (2012), relying upon USCR 25, this Court promulgated a three prong test to determine whether a motion to recuse was meritorious. The first test reiterates the timeliness requirement of USCR 25.3: the moving party must show that the motion was filed within five days of learning of the alleged grounds for disqualification.[2]

In this case, the alleged ground for disqualification – defendant presided in a court which sits in the same circuit as the superior court hearing the action – were known, or should have been known, as soon as appellants chose the forum. Nevertheless, appellants waited for two months after filing the complaint before seeking to recuse the trial judge. Given appellants' failure to file the motion within five days of learning of the alleged grounds for

---

[2] In addition, to satisfy the other prongs of the test, the moving party must file a legally sufficient affidavit and show that, assuming the facts to be true, a recusal would be warranted. Id.

disqualification, it was not error for the trial court to deny the motion to recuse.

In Smith v. Guest Pond Club, Inc., 277 Ga. 143, 146 (586 SE2d 623) (2003), defendant sought recusal on the ground that the trial judge and plaintiff's counsel served together as the only two juvenile judges in the circuit; and that plaintiff's counsel was the only individual authorized to ratify the designation of the trial judge to sit as a superior court judge. The trial judge denied the motion to recuse and this Court reversed. In so doing, this Court quoted from an opinion of our Judicial Qualifications Commission: "'Simply stated, the public must believe in the integrity and impartiality of its judges. . . . Consequently, even without a showing of actual bias, prejudice or unfairness, *and regardless of the merits or timeliness of a motion to recuse*, this Commission concludes that it is inappropriate for any trial court judge to preside in any action wherein one of the parties holds a judicial office on the same or any other court which sits in the same circuit.'" (Emphasis supplied.)

Relying upon the italicized language in Guest Pond, appellants claim that, unlike a typical motion to recuse a judge for bias or favor, a motion to recuse a judge presiding in a matter affecting another judge in the same circuit can be filed at any time. We cannot accept this claim because it does not reflect this

Court's holding in <u>Guest Pond</u>. That case was concerned with the appearance of impropriety where a judge presided in a matter in which another judge in the same circuit had a vested interest, but the timeliness of the motion to recuse was not put in issue. Accordingly, the italicized language upon which appellants rely is dictum and must yield to Uniform Superior Court Rule 25.3 and our holding in <u>Batson-Cook Co.</u>, supra, which prescribe a five day time limit for any and all motions to recuse.[3]

> To hold otherwise would be to sanction gamesmanship. See, e.g., <u>White v. National Football League</u>, 585 F3d 1129, 1141 (II) (B) (8th Cir. 2009) ("A motion to recuse should not be withheld as a fallback position to be asserted only after an adverse ruling."); <u>State v. Jenson</u>, 440 NW2d 686, 688 (Neb. 1989) ("One cannot know of improper judicial conduct, gamble on a favorable result by remaining silent as to that conduct, and then complain that he or she guessed wrong and does not like the outcome."). Moreover, the requirement that a motion to recuse be filed promptly is intended to promote judicial economy, that is, to ensure that "long and costly proceeding[s]" before a disqualified judge are avoided. See <u>Pope v. State</u>, 257 Ga. 32, 35 (2) (b) (354 SE2d 429) (1987) (citation and punctuation omitted). See also <u>LoCascio v. United States</u>, 473 F3d

---

[3] <u>Wilson v. McNeely</u>, 295 Ga. App. 41 (670 SE2d 846) (2008), in which the Court of Appeals held the trial judge should have recused herself from a case in which the defendant was a judge sitting on a court in the same circuit, and which also quoted <u>Guest Pond</u>, does not conflict with USCR 25 because the timeliness of the motion in that case did not appear to be in dispute. Insofar as <u>Ga. Transportation Corp. v. Dixon</u>, 267 Ga. App. 575 (600 SE2d 381) (2004), holds that a motion to recuse a judge sitting in a case in which another judge in the same circuit is a party can be filed at any time, it is overruled.

493, 497 (2d Cir. 2007) ("[A] prompt application [for recusal] affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take." (Citation and punctuation omitted)). The idea that a party could allow a judge whom the party believes to be disqualified to continue to preside over the case without objection, only later to urge the disqualification, is inconsistent with the principles of fair play and judicial economy that are embodied in the requirement that a motion to recuse be filed promptly.

State v. Harris, 294 Ga. 818, 822-823 (756 SE2d 529 (2014). See also Hunnicutt v. Hunnicutt, 248 Ga. 516, 518 (283 SE2d 891) (1981) (recognizing sound policy reasons for strictly construing the timeliness requirements of a motion to recuse).

2. Because James began issuing temporary renewal licenses, appellants acknowledged a mandamus action was no longer necessary. They argue, however, they are entitled to recover costs and attorney's fees inasmuch as they were the "prevailing party" in the lawsuit. In this regard, appellants point out that, at the time they filed this lawsuit, OCGA § 16-11-129 (j) provided, in part: "When an eligible applicant fails to receive a license, temporary permit, or renewal license within the time period required by this Code section and the application or request has been properly filed, the applicant may bring an action

6

in mandamus or other legal proceeding in order to obtain a license, temporary license, or renewal license. If such applicant is the prevailing party, he or she shall be entitled to recover his or her costs in such action, including reasonable attorney's fees."[4] Continuing the argument, and relying on Robinson v. Glass, 302 Ga. App. 742 (691 SE2d 620) (2010), appellants contend they prevailed in this action because James began issuing temporary permits in response to appellants' complaint,[5] even though James issued the permits "without the necessity of a writ of mandamus from the trial court – or at least before a hearing could be scheduled and held." Id. at 746.

Appellants' argument notwithstanding, we note that Smith, the only named appellant in this case holding a weapons license, received a new weapons license from James within 30 days of filing his application – well within the time required by law. See OCGA § 16-11-129 (d) (4). This occurred before Smith's previous license expired and prior to the filing of this mandamus action.

---

[4] This subsection was amended, effective July 1, 2014, after appellants filed suit against James. See Ga. L. 2014, 599, 615. However, the quoted language is incorporated in the new provision.

[5] Just when James started issuing temporary permits is subject to dispute. For purposes of this appeal, we will presume he began to issue them after – and because – appellants filed this mandamus action.

Thus, as it pertains to appellant Smith, this case was moot from the outset. See City of Demorest v. Town of Mt. Airy, 282 Ga. 653 (653 SE2d 43) (2007). As for appellant GCO, even assuming it was eligible for a weapons carry license, but see OCGA § 16-11-129 (a) and (c), it did not apply for a license and did not file this case as a class action on behalf of any individual who was "an eligible applicant." OCGA § 16-11-129 (j). It follows that GCO lacked standing to recover costs and attorney fees pursuant to the statute. See generally Perdue v. Lake, 282 Ga. 348 (1) (647 SE2d 6) (2007). Because Smith's claim was moot and GCO lacked standing, it was incumbent upon the trial court to enter an order dismissing appellants' claims. Accordingly, we remand this case to the trial court with direction that it vacate the grant of summary judgment to James and enter an order of dismissal.

3. It would appear that, at least in part, the trial court granted James' motion for summary judgment due to appellants' "absence" from the hearing. Although this ruling plays no role in our resolution of this appeal, see Div. 2, we point out, for the benefit of the bench and bar, that this is not a sufficient basis for the grant of summary judgment. See Anderson v. Matich, 186 Ga. App. 84, 86 (366 SE2d 300) (1988) (summary judgment not authorized solely because

8

party opposing motion did not appear at the summary judgment hearing).

Judgment affirmed in part, vacated in part, and case remanded with direction.  All the Justices concur.