**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 29, 2021**

# In the Court of Appeals of Georgia

A21A0285. HILL v. HILL.

DOYLE, Presiding Judge.

Christopher Allen Larkin Hill, proceeding pro se, appeals from the trial court's denial of his motion to recuse the Brunswick Judicial Circuit from presiding over a contempt action filed against Hill by his ex-wife, Julia Morgan Hill. On August 10, 2020, this Court granted Christopher's petition for interlocutory appeal of the order denying his motion to recuse. Christopher asserts several enumerations of error as to the denial of the recusal motion, and for the reasons that follow, we affirm.

The record shows that on July 7, 2020, Julia filed a complaint for contempt in the Superior Court of Camden County, alleging that Christopher had failed to pay certain amounts of child support or pay a child support arrearage as ordered by the

trial court in its February 28, 2020 final order of divorce.[1] The complaint was signed by attorneys Garnett Harrison and Jacqueline Fortier, both of whom represented Julia during the divorce proceedings, including the two years from the time Julia filed for divorce until the final order was entered, including at least one prior motion to recuse filed by Christopher against Brunswick Judicial Circuit Superior Court Judge Stephen G. Scarlett, who oversaw the divorce action. Although Christopher initially was represented by counsel, his counsel eventually withdrew from the divorce action.

Immediately after Julia filed the contempt complaint, Christopher filed another motion to recuse Judge Scarlett and the entire Brunswick Judicial Circuit based on bias. Attached to the motion was a copy of an order of appointment stating that Judge Jennifer Lewis was elected to serve as Chief Judge of the Magistrate Court of Camden County for a period of four years beginning January 1, 2017, and ending on December 31, 2020. Chief Magistrate Judge Lewis chose Fortier and others for consideration as a part-time magistrate, and Fortier's appointment was approved by all the superior court judges on the Brunswick Circuit on December 12, 2016. Christopher also attached orders appointing other part-time magistrates, whom he

---

[1] Christopher has filed an appeal from various orders in that proceeding, which appeal remains pending in this Court. See *Hill v. Hill*, Case No. A21A0309.

contends appeared as witnesses on behalf of Fortier at other proceedings related to his divorce.

Judge Scarlett denied Christopher's motion to recuse, finding no merit to Christopher's assertion that all Brunswick Judicial Circuit judges were required to recuse from the case based on Fortier's status as a part-time magistrate in Camden County and finding that the other allegations made by Christopher were specious and had been dismissed in Christopher's previous recusal motions. Christopher thereafter moved for a certificate of immediate review of the denial of his motion to recuse, which the trial court granted. This Court granted Christopher's application for interlocutory appeal, and this appeal followed.

1. As an initial matter, we address only the issue whether Judge Scarlett and the Brunswick Judicial Circuit should have recused from hearing the contempt action against Christopher on the basis of Fortier's status as a part-time magistrate. All Christopher's other assertions in his motion were addressed in his prior motion to recuse, and we will not review any of the enumerations of error related to those contentions.

2. Additionally, Christopher's argument that Fortier is a party to this proceeding is without merit.[2] To the extent that he previously filed a mandamus petition against her or federal habeas corpus petitions against her concerning the underlying divorce and custody determinations, those matters do not transform Fortier into a party in this proceeding requiring recusal of Judge Scarlett or other members of the Brunswick Judicial Circuit.[3]

3. Finally, we address whether the trial court erred by denying the motion to recuse based on Fortier's status as a part-time magistrate.

> [Uniform Superior Court Rule ("USCR")] 25.3 directs that when the trial judge assigned to a case is presented with a recusal motion and an accompanying affidavit, the judge shall temporarily cease to act upon the merits of the matter and determine immediately: (1) whether the

---

[2] Compare with *Wilson v. McNeely*, 295 Ga. App. 41, 42-43 (1) (670 SE2d 846) (2008) (holding that the superior court should have recused from a case in which a municipal court judge sitting in the same circuit appeared as a party). In fact, Judge Scarlett found that the Brunswick Judicial Circuit was recused as a matter of law from presiding over Christopher's habeas petition filed in the circuit against a juvenile court judge who had presided over matters involving the Hills.

[3] See *Wright v. Wright*, 222 Ga. 777, 782 (7) (152 SE2d 363) (1966) ("An application to hold a husband in contempt for failure to pay alimony is a separate proceeding, and an order entered in that proceeding must be reviewed, if review is desired, by appeal from the judgment in that proceeding.").

motion is timely;[4] (2) whether the affidavit is legally sufficient; and (3) whether the affidavit sets forth facts that, if proved, would warrant the assigned judge's recusal from the case.[5]

The issue before us is whether Christopher's motion to recuse on the basis of Fortier's status as a part-time magistrate in a county within a greater judicial circuit constitutes a fact that "would warrant [the Brunswick Judicial Circuit's] recusal from the case."[6] The parties have cited to no case directly addressing this narrow issue.

The Georgia Code of Judicial Conduct states that judges must avoid all impropriety and the appearance of impropriety. The test for the appearance of impropriety is whether the situation would create in

---

[4] Christopher alleged that he timely filed the motion the day after Julia's contempt complaint was filed, but within the motion and affidavit he only stated that he discovered that Fortier was a part-time magistrate in Camden County "in the last few days." Fortier has served as a part-time magistrate since 2017, and she has served as Julia's attorney for the past two years. Despite Christopher's insistence otherwise, as the Georgia Supreme Court explained in *GeorgiaCarry.Org, Inc. v. James*, 298 Ga. 420, 422-423 (1) (782 SE2d 284) (2016), the five-day rule for filing a motion to recuse applies to all recusal cases, even those involving a judge appearing as a party in a case in the same circuit, which is the situation alleged by Christopher herein. While it is dubious that neither Christopher or his former counsel were aware of Fortier's status prior to the filing of this motion for contempt, because the trial court determined that the motion was timely, we shall review it as such.

[5] (Punctuation and citations omitted.) *Mondy v. Magnolia Advanced Materials, Inc.*, 303 Ga. 764, 766 (2) (815 SE2d 70) (2018). See also USCR 25.1.

[6] See *Mondy*, 303 Ga. at 766 (2).

5

reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired. Additionally, judges are required to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned.[7]

Addressing other situations through this lens, the Georgia Supreme Court and this Court have held that recusal is required when judges appear as parties in cases in their own circuits.[8] The Georgia Supreme Court also has held that judges should recuse if they represent a party in a case before their own court.[9] We have neither

---

[7] (Citations and punctuation omitted.) *Zerbarini v. State*, __ Ga. App. __ (5) (855 SE2d 87, 102) (2021).

[8] See *Ga. Transmission Corp. v. Dixon*, 267 Ga. App. 575, 577 (1) (600 SE2d 381) (2004) (superior court judge should have recused from case involving as a party another superior court judge from his circuit), overruled on other grounds by *GeorgiaCarry.Org, Inc.*, 298 Ga. at 422-432 (1). See also *Wilson*, 295 Ga. App. at 42 (1).

[9] See *Smith v. Guest Pond Club, Inc.*, 277 Ga. 143, 146 (2) (586 SE2d 623) (2003) (holding that the motion to recuse the trial judge based on the representation of the one party by another juvenile court judge should have been granted because the trial judge was a juvenile court judge sitting by designation, and the attorney representing the opposing party was the other juvenile court judge in the same court and because both judges had the power to ratify the other judge's designation to sit on the superior court, which affected their compensation.), overruled on other grounds by *GeorgiaCarry.Org, Inc.*, 298 Ga. at 422-423 (1).

6

situation here, and we decline to construe the superior court circuit in which Fortier works as a county magistrate court as "her court."[10]

Part-time magistrate judges are given special treatment under the law and the Code of Judicial Conduct. Pursuant to OCGA § (c) 15-10-22 (c), "[a] magistrate who is an attorney may practice in other courts but may not practice in the magistrate's own court or appear in any matter as to which that magistrate has exercised any jurisdiction." The Georgia Code of Judicial Conduct explains that

> [a] part-time judge is a person selected to serve as a judge on a periodic or continuing basis, but is permitted by law to devote time to some other profession or occupation, including the private practice of law. Part-time judges: (1) are not required to comply with Rules 3.4 [extra-judicial appointments], 3.8 [fiduciary activities], 3.9 [arbitration and mediation], 3.10 [practice of law], and 3.15 (A) (1) [annual financial reporting of extra-judicial compensation]. (2) shall not practice law in the court on which they serve, or act as lawyers in proceedings for which they have served as judges or in any proceeding related thereto; nor should they

---

[10] Cf. *Porter v. Calhoun County Bd. of Commrs.*, 252 Ga. 446 (314 SE2d 649) (1984), quoting Georgia Constitution, Art. VI, Sec. I, Par. I (1983) ("The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court.").

practice law in any court over which the court they serve as a part-time judge conducts appellate review.[11]

Here, there is nothing to indicate that Fortier has exercised jurisdiction in her role as magistrate over the contempt action or that there is any specific special relationship between Fortier and Judge Scarlett that would require his recusal, much less the recusal of the entire superior court bench.[12] Thus, Christopher has failed to establish that, as a matter of law, Fortier's practice before the Brunswick Judicial Circuit while also serving as a part-time magistrate judge in Camden County is such that the situation creates "in *reasonable* minds a perception that [the Brunswick Judicial Circuit judges'] ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired."[13] Therefore, Judge Scarlett did not err by denying Christopher's motion to recuse.

---

[11] See Application of Georgia Code of Judicial Conduct, Para. A (2016), Part-time Judges.

[12] See *Ward v. State*, 262 Ga. 293, 300 (19) (417 SE2d 130) (1992) (affirming denial of motion to recuse, noting that "'friendship and association'" between trial judge and judge in the circuit who was related to the victim was insufficient to require recusal of the trial judge without a specific showing of impartiality because otherwise "'almost every judge of this state would be disqualified'").

[13] (Punctuation omitted; emphasis supplied.) *Zerbarini*, __ Ga. App. at __ (5).

8

*Judgment affirmed. Reese and Brown, JJ., concur.*