**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 4, 2022**

# In the Court of Appeals of Georgia

A21A1361. IN RE THE ESTATE OF ELINOR J. FERRELL.

REESE, Judge.

Alvin Ferrell (the "Appellant") filed a Petition to Probate Will in Solemn Form following the death of his mother, Elinor Ferrell (the "Decedent"). The Appellant's siblings, Jerry, Harold, and Larry Ferrell[1] (the "Caveators") filed a caveat contesting probate of the will. The Probate Court of Fulton County dismissed the caveat and admitted the will to probate. The Appellant subsequently filed a motion for attorney fees, which the probate court denied. The Appellant filed an application for discretionary appeal from the denial of his motion for attorney fees, which we granted. The Appellant argues that the trial court erred in denying his motion because

---

[1] Although Jerry, Harold, and Larry Ferrell filed a caveat to the Decedent's will, other motions were only filed by Jerry and Harold Ferrell even though some of these filings were also styled as from the "caveators."

the Caveators lacked any justiciable issue of law or fact, or alternatively, the Caveators' claims lacked substantial justification, were interposed for harassment, and unnecessarily expanded the proceedings. For the reasons set forth infra, we reverse the trial court's ruling on the Appellant's motion for attorney fees.

The Appellant filed a petition to probate the Decedent's March 2016 will in solemn form. The Caveators contested probate of the will asserting that (1) the Decedent was "not of the health to understand the contents of the Will at the time of her allegedly signing it[,]" (2) the Decedent did not know the will's contents, (3) the Appellant used "malicious influences" on the Decedent to have her sign the will, (4) the Appellant "caused the 'rush to death' of the Decedent causing her immediate death[,]" and (5) the Appellant failed to provide for the Decadent's health needs during the 30 days prior to her death "caused by him." Jerry and Harold Ferrell also filed for and obtained injunctive relief enjoining the Appellant from removing the Decedent's personal property until the probate court appointed an executor of the Decedent's estate and ordering the Appellant to return any property in his possession.

Following a hearing on the caveat, the probate court issued an order finding that the Caveators failed to offer evidence supporting their challenge or rebutting the witness testimony provided by the Appellant. The court ordered probate of the will

in solemn form, appointed the Appellant as executor of the Decedent's estate, and dismissed the caveat.

The Appellant subsequently filed a motion for an award of attorney fees under OCGA § 9-15-14 (a) and (b) against the Caveators and their counsel. The probate court denied the motion for attorney fees, and the Appellant filed an application for a discretionary appeal, which this Court granted.

When reviewing a trial court's ruling on attorney fees pursuant to OCGA § 9-15-14,

> [w]e must affirm an award under subsection (a) if there is any evidence to support it, while we review subsection (b) awards for abuse of discretion. With regard to the any evidence standard of review for subsection (a), if evidence relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that evidence and decide for ourselves whether the claim asserted below presented a justiciable issue of law.[2]

With these guiding principles in mind, we now turn to the Appellant's claims of error.

---

[2] *Michelman v. Fairington Park Condo. Assn.*, 322 Ga. App. 316, 317 (744 SE2d 839) (2013) (citations and punctuation omitted).

1. The Appellant argues that the trial court erred in denying his motion for attorney fees under OCGA § 9-15-14 (a) because the Caveators' challenge was lacking in any justiciable issue of law or fact.

OCGA § 9-15-14 (a) provides:

> [R]easonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

Moreover, we have held that when considering an appeal involving OCGA § 9-15-14 (a),

> we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law. . . . Where no evidence shows any factual merit in a party's claim[,] a trial court errs by not awarding attorney fees to the opposing party seeking them under OCGA § 9-15-14 (a).[3]

Here, the Caveators raised three primary grounds for contesting the Decedent's will: (1) the Decedent lacked testamentary capacity, (2) the Appellant exerted undue

---

[3] *Omni Builders Risk v. Bennett*, 325 Ga. App. 293, 297 (2) (750 SE2d 499) (2013) (citations and punctuation omitted).

influence on the Decedent, and (3) the Appellant "caused the 'rush to death' of the Decedent."[4] However, a review of the record shows that the Caveators failed to present any evidence demonstrating the factual merit of these claims.

Although a transcript of the hearing on the Caveators' claims was not provided,[5] the probate court included detailed findings of fact in its order dismissing the caveat. The court found that "[n]one of the testimony offered by Caveators even remotely suggested that Decedent was coerced, did not know the object of her bounty, or that she was unable to come up with a distribution scheme of her property." The court also found that

> Caveators offered no evidence that the [w]ill was the product of undue influence. Instead, both attorneys who testified described the Decedent as strong-willed and clear on her own wishes. . . . Caveators offered no evidence to rebut the testimony of the subscribing witnesses that the signature on the [w]ill was that of the Decedent.

---

[4] It is unclear how the Caveators intended to use the "rush to death" claim as a ground to question the validity of the Decedent's will, and the probate court did not address this specific challenge in its order. Instead, the probate court listed forgery, in addition to undue influence and testamentary capacity, as a ground for the Caveators' challenge of the will, even though fraud was not specifically referenced in the Caveators' challenge.

[5] The Appellant states in its brief that "the court reporter who took down the hearing has since disposed of the recording [of the hearing] and thus no transcript can now be made[.]"

In fact, the probate court stated in its order that not only did the Appellant's witness testify that the Decedent was of sound mind and was not influenced by the Appellant, but the Caveators' own witness also testified that she did not believe that the Appellant exerted any influence over the Decedent or coerced her in any way. Thus, "the [probate] court's order [dismissing the caveat] is clear that the court found no justiciable issue of law or fact that supported the [Caveators'] position."[6]

Additionally, a review of the record fails to uncover any evidence demonstrating factual merit in the Caveators' claim.[7] Although the Caveators included affidavits from Jerry and Harold Ferrell, and Jerry's daughter and wife, with their response to the Appellant's motion for attorney fees, these were filed after the caveat hearing, focused on allegations concerning the Decedent's death, and did not discuss her alleged lack of capacity or her execution of the will.[8]

---

[6] *Southland Outdoors v. Putnam County*, 265 Ga. App. 399, 401-402 (593 SE2d 940) (2004) (punctuation omitted).

[7] See *Durrance v. Schad*, 345 Ga. App. 826, 831 (2) (a) (815 SE2d 164) (2018)*; Omni Builders Risk*, 325 Ga. App. at 297-298 (3); *Southland Outdoors*, 265 Ga. App. at 401-402.

[8] Although the Caveators did include what purports to be a letter of opinion from a forensic document examiner to their "Motion for a Hearing to a Non-Judicial Revocation of Their Statutory Inheritance Rights to the Estate[,]" this motion was filed more than two years after the probate hearing and was denied by the probate

Finally, although the superior court granted an interlocutory injunction prohibiting the Appellant from removing the Decedent's property, a grant of injunctive relief, similar to a grant of summary judgment, is not dispositive of a motion for attorney fees.[9] The complaint seeking injunctive relief in the present case addressed the Appellant's removal of personal property from the Decedent's residence prior to the probate of her will, but did not address the Caveators' specific grounds for challenging the will. Moreover, the superior court's order did not specifically discuss the grounds put forth by the Caveators for challenging the will, but focused instead on the fact that the Appellant would not suffer harm from the award of the injunction as he was not "legally permitted to remove items from [the Decedent's] home or from the Bank Accounts after her death."[10]

---

court. Moreover, the document itself does not contain any discussion of the author's qualifications and the Caveators do not assert that it was ever presented at the caveat hearing.

[9] See *Brown v. Kinser*, 218 Ga. App. 385, 387 (1) (461 SE2d 564) (1995) ("An applicant is not entitled to attorney fees merely because summary judgment was granted in his favor; grant of summary judgment does not per force result in an award of attorney fees for the prevailing party.").

[10] See *Bishop v. Patton*, 288 Ga. 600, 604-605 (3) (a) (706 SE2d 634) (2011), disapproved on other grounds by *SRB Investment Svcs. v. Branch Banking & Trust Co.*, 289 Ga. 1, 8 (3) (c) (709 SE2d 267) (2011) ("The first factor [that guides the trial court in deciding whether to grant an interlocutory injunction] — substantial threat

For the reasons set forth above, we reverse the probate court's order as to fees under OCGA § 9-15-14 (a) and remand for an evidentiary hearing on the amount of reasonable fees incurred by the Appellant.[11]

2. In light of our ruling in Division 1, supra, we need not consider the Appellant's alternative argument that the fees were also proper under OCGA § 9-15-14 (b).[12]

*Judgment reversed and case remanded. Doyle, P. J., and Brown, J., concur.*

---

of irreparable injury if an interlocutory injunction is not entered — is the most important one, given that the main purpose of an interlocutory injunction is to preserve the status quo temporarily to allow the parties and the court time to try the case in an orderly manner."); see also *India-American Cultural Assn. v. iLink Professionals*, 296 Ga. 668, 669 (769 SE2d 905) (2015) ("In deciding whether to grant an interlocutory injunction, a trial court has broad discretion, keeping in mind the purpose of an interlocutory injunction which is to preserve the status quo pending a final adjudication of the merits of the case.").

[11] See *Durrance*, 345 Ga. App. at 832 (2) (b).

[12] See *Durrance*, 345 Ga. App. at 832 (2) (b).